S. Marshall Gorson et al. *v.* Lackawanna County Board of Commissioners et al. Collector of Taxes, Appellant.

Argued June 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*William J. Hall,* with him *Edmund J. Scacchitti,* City Solicitor, for appellant.

*G. Craig Lord,* with him *Andrew D. Bershad, Blank, Rome, Comisky & McCauley,* and *Howard K. Goldstein, Rosenn, Jenkins & Greenwald,* for appellees.

OPINION BY JUDGE ROGERS, September, 13, 1983:

This is the appeal of a judgment debtor from an order of the Court of Common Pleas of Lackawanna County refusing to open a default judgment. The default judgment in the amount of $46,949 was taken against Collector of Taxes, one of four defendants named in a lawsuit, for failure of the Collector of Taxes to appear or to answer the complaint in assumpsit and trespass of the judgment creditors, S. Marshall Gorson et al., trading as Viewmont Village Joint Venture.

The plaintiffs below, now judgment creditors, are individuals, who were members of a joint venture in real estate. The named defendants, in addition to Collector of Taxes, were the Lackawanna County Board of Commissioners, the School District of the City of Scranton and the City of Scranton.

The plaintiffs filed a summons on February 23, 1981, and it was returned by the sheriff as served personally on all parties defendant on March 2, 1981. The plaintiffs did not file their complaint until July 22, 1981, and the complaint was then served on the defendants by registered mail. The School District and the County promptly filed responsive pleadings. On August 25, 1981, plaintiffs' counsel sent notices to the Collector of Taxes and to the City of Scranton of the plaintiffs' intention to take a default judgment against them within ten days. An answer for the City of Scranton was prepared and filed by the city solicitor.

None was filed for the Collector of Taxes. On September 10, 1981, counsel for the plaintiffs sent a notice to the Collector of Taxes that the plaintiffs intended to take default judgment within fifteen days. No appearance or answer was filed by or for the Collector of Taxes. The plaintiffs took default judgment against the Collector of Taxes on October 10, 1981.

The Scranton city solicitor prepared and filed a petition on behalf of the Collector of Taxes on October 23, 1981 for the opening of the default judgment, upon which a rule was entered. In this pleading, some of the defenses of the collector to the merits of the suit are described; and the failure of the collector to appear or to file an answer is explained and excused as due to a state of confusion on the part of the Collector of Taxes and of the city solicitor as to whether the tax collector's defense would be handled by the city solicitor or by other counsel. One David J. Wenzel filed an affidavit in support of the petition to open in which he identified himself as the Collector of Taxes and deposed: that it was his understanding that the city solicitor would defend him in the suit; that the office of the Collector of Taxes used the services of the several solicitors of the county, the city and the school district from time to time as occasion warranted; and that there was a misunderstanding between the Collector of Taxes and the city solicitor as to whether or not the responsive pleadings to the suit filed by the solicitor in behalf of the City of Scranton did not also constitute a responsive pleading for the Collector of Taxes.

The city solicitor testified on deposition that the Collector of Taxes collects the bills for taxes of the county, the school district and the city and that these taxing bodies provide the funding[1] for the maintenance

---

[1] Both Lackawanna County and the City of Scranton are Home Rule municipalities and this may account for the fact that

of the office of the Collector of Taxes; that a copy of the complaint was received by the solicitor's office which he considered to be the copy intended for service on the city; that at a later time the copy received by the Collector of Taxes was in his possession; that after first reviewing the complaint his inclination was to advise the Collector of Taxes to obtain other counsel; that he called the Collector of Taxes by telephone but did not reach him; that on further review of the complaint, he concluded that the Collector of Taxes was only an agent of the taxing bodies and that the pleadings filed by the taxing bodies would also cover the office of the Collector of Taxes; that he "vaguely remembered" discussing the matter with the Collector of Taxes and telling the latter that the city's defense would protect the Collector of Taxes; that while the city solicitor on occasion represented the Collector of Taxes, where county or school taxes were involved, the tax collector consulted the county or school solicitors; and that the Collector of Taxes, having no responsibility in the matter other than that of collecting taxes for the use of the taxing bodies, was possessed of a meritorious defense to the plaintiffs' action.

The trial judge discharged the rule to open the default judgment on the ground that the Collector of Taxes' default had not been reasonably explained or excused, emphasizing the fact that the plaintiffs had given the Collector of Taxes advance notice of their intention to take default judgment before doing so.[2]

We believe that a close analysis of all of the circumstances of the case compels the conclusion that this

---

the collector seems to be an appointee of the county, the city and the school board for the collection of their taxes. We find nothing definitive in the Home Rule Charters on the subject.

[2] Of course, Pa. R.C.P. No. 237.1 requires such notice.

judgment should have been opened and we therefore reverse the order of the hearing judge discharging the rule.

A petition to open a judgment is addressed to the sound discretion of the court and is essentially an equitable proceeding ruled by equitable principles and considerations which appeal to the conscience of the court. *Lened Homes, Inc. v. Philadelphia Department of Licenses and Inspections*, 386 Pa. 50, 123 A.2d 406 (1956). It is said as a general proposition that discretion may be exercised to order a judgment to be opened where three factors are present (1) the petition to open is promptly filed, (2) a defense is shown to exist on the merits, and (3) the default is reasonably explained or excused. *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970).

The plaintiffs' complaint contained counts in both assumpsit and trespass. Pa. R.C.P. No. 1037(b) relating to assumpsit empowers the prothonotary, on praecipe, to enter default judgment against the defendant for failure to file "an answer to a complaint." Pa. R.C.P. No. 1047, relating to trespass, authorizes the prothonotary, on praecipe, to enter a default judgment against a defendant who has "neither pleaded to a complaint nor appeared...." In each case the necessary precondition for the entry of a default judgment is that the defendant fail to file an answer to the complaint. The default judgment here entered was therefore essentially based on the defendant's failure to file an answer. This brings us to another rule of law concerning the opening of default judgments which has thus far been overlooked in this case — that is, that a plaintiff is entitled to hold his judgment taken by default for want of an answer, formerly called an affidavit of defense, only where the plaintiff's complaint is self-sustaining. The meaning of self-sustaining is economically stated in the early and much cited case

of *Bank v. Ellis*, 161 Pa. 241, 244, 28 A. 1082 (1894), as: that the complaint "must set forth in clear and concise terms a good cause of action, by which is meant such averments of fact as, if not controverted, would entitle [the plaintiff] to a verdict for the amount of the claim." Other cases invoking the rule, some decided before and some after the adoption of the Pennsylvania Rules of Civil Procedure relating to assumpsit and trespass in 1947, are: *Downes v. Hodin*, 377 Pa. 208, 104 A.2d 495 (1954) (where the Supreme Court quoted with approval the statement of the rule in *Bank v. Ellis* given above); *Acme Mfg. Co. v. Reed*, 181 Pa. 382, 37 A. 552 (1897); *Roberts v. Gibson*, 214 Pa. Superior Ct. 220, 251 A.2d 799 (1969); *Richey v. Gibboney*, 154 Pa. Superior Ct. 1, 34 A.2d 913 (1943); *Rosser v. Cusani*, 97 Pa. Superior Ct. 255 (1929).

We now turn to the complaint to ascertain whether it is self-sustaining—that is, sets forth in clear and concise form a good cause of action by which is meant facts which, if not controverted, would entitle the plaintiffs to a verdict against the Collector of Taxes.

The plaintiffs describe a series of real estate transactions which, somewhat simplified, are as follows: the plaintiffs, who are members of a joint venture in real estate purchased in 1966 about 46 acres of land located in Scranton from persons named Goosay and Peller, giving the sellers a purchase money mortgage for part of the price; that Goosay and Peller released about 17 acres from the lien of the purchase money mortgage in 1967 and 1968, leaving 29 acres still encumbered; and that on March 20, 1970, all of the following events occurred: the plaintiffs conveyed to Goosay and Peller the 29 acres still subject to the latter's mortgage; Goosay and Peller conveyed the 29 acres to one Benjamin Frankel, one of the plaintiffs and a member of their joint venture; Frankel executed and delivered a mortgage encumbering the 29 acres to Goosay and

Peller; and Goosay and Peller released three lots totaling in area about one acre from the lien of the new mortgage leaving 28 acres in title to Frankel still subject to the mortgage held by Goosay and Peller. The complaint further recites: that in 1973 Goosay and Peller foreclosed on the mortgage Frankel had delivered to them on May 20, 1970, on the 28 acres; that Goosay and Peller bought the property at the sheriff's sale; and that Goosay and Peller caused the sheriff's deed to name as grantee a straw person for them named Schneider; that the sheriff's deed to Schneider for the 28 acres was not recorded until 1979; that from 1973 until 1979 the local real estate tax bills on the entire 46 acre tract were sent to the plaintiffs and the plaintiffs paid them; that the plaintiffs after the sheriff's sale in 1973 owned only 18 acres, with the result that after that time and until 1979 they paid more than the amount of taxes they would have had to pay if they had been billed for and paid only on the 18 acres which they owned; that the amount of their "overpayment" they "believe to be" $46,949.06; that neither Schneider nor Goosay and Peller paid local real estate taxes on the 28 acres acquired by them in a sheriff's sale between 1973 and 1979; that they, the plaintiffs, have demanded of Schneider and Goosay and Peller reimbursement for the taxes paid on the 28 acre tract, without success; and that they have also demanded refunds of the taxes from the defendants, without success.

The comlaint is in three counts, two in assumpsit, one in trespass. The first count in assumpsit is based on Sections 1 and 2 of the Act of May 21, 1943. P.L. 349, *as amended*, 72 P.S. §§5566b and 5566c. Section 1, 72 P.S. §5566b, provides that whenever a person has paid taxes into the treasury of a political subdivision to which the subdivision is not legally entitled, the proper authorities of the subdivision may pay the

same upon the filing of a written claim for refund; but that refunds shall not be made unless the written claim is filed within two years of the payment. Section 2, 72 P.S. §5566c, provides that if the authorities refuse to make the refund, the taxpayer may bring suit in assumpsit to recover such taxes not legally due the subdivision. The Collector of Taxes is not a political subdivision and therefore not subject to the suit for refund of taxes under these provisions. Furthermore, tax collectors are required by statute to pay over their receipts to the taxing district by the tenth of each month by Section 25 of the Local Tax Collection Act, Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §5511.25, and it is presumed that public officials perform their duties.

In the second count in assumpsit, the plaintiffs allege that the defendants, including the Collector of Taxes, have been unjustly enriched by the payments of taxes the plaintiffs made with respect to more than the 18 acres they owned after the year 1973. They do not allege that the Tax Collector had failed in his duty to pay over the collections of local taxes to the taxing districts. Surely he could not be unjustly enriched by receiving taxes and remitting them to the taxing districts. The plaintiffs also allege that Schneider and Goosay and Peller have not paid the local taxes, making it difficult to understand how the taxing bodies, much less the Collector of Taxes, have been unjustly enriched as the result of the payment of no more than the amount of taxes levied on this property.

In the trespass count, the plaintiffs allege that the defendants should have known that Schneider, Goosay and Peller's straw man, owned the 28 acre tract after 1973 and that the defendants were negligent in failing to discover that the plaintiffs did not own the 28 acre tract. The duties of a tax collector are described in the Local Tax Collection Act, *supra.* These are: to take an

oath; to file bond; to receive the tax duplicates prepared by the county boards of assessment and supplied to him by the several taxing districts; to notify the persons whose names appear on the duplicates of the rates of taxes fixed by the taxing bodies, and the valuation and identification of the properties taxed; to receive and receipt for taxes paid; to collect taxes not paid on billing by various other means; and finally promptly to pay the monies received to the taxing districts. The Collector of Taxes has no duty to correct, or power to alter, duplicates placed in his charge for the collection of taxes and indeed could be subject to surcharge for doing so. His function is to collect the taxes and to account for his duplicate on the basis of money paid over to the taxing districts, by tax liens filed against properties of delinquents and by being granted exoneration by the taxing bodies from his duty to collect the taxes due in the remaining cases.

Hence, the plaintiffs' complaint does not support the judgment entered against the Collector of Taxes because it fails to show liability on the part of the Collector of Taxes. We might also add that the complaint does not show liability for the amount of the judgment taken. The plaintiffs allege only that they "believe" that the amount due is $46,949.06 without stating the basis, if any, for this belief. Also with respect to the trespass count, the Rules of Civil Procedure require a hearing to assess damages after the entry of a default judgment.

We have also concluded that in all of the circumstances, including the failure of the plaintiffs to state a cause against the Collector of Taxes, the appellant collector satisfactorily explained the reason for the failure to file an answer and thus also satisfied the usual three part test for opening judgments.[3] The tax

---

[3] The plaintiffs do not question that the Collector of Taxes has a meritorious defense or that he promptly sought relief from the default judgment entered against him.

collector deposed that he believed that the city solicitor was representing him. This belief was reasonable. The city solicitor testified that he was the collector's legal advisor, except in matters where county or school taxes were concerned, and indeed, that he was affording the collector representation. Although the city solicitor first concluded that the appellant should obtain other counsel (apparently because of the possibility of conflict between the appellant's and the city's interest), this conclusion was not communicated to the appellant. Later, the city solicitor, who prepared and filed an answer for the City of Scranton (and who in his deposition agreed with the plaintiffs' counsel that it would have been a simple matter for him to answer for the collector at the same time) came to the conclusion that the tax collector's defense would be subsumed into or covered by the defense of the city and other defendants. We agree with the Superior Court's reluctance, expressed in *Sprouse v. Kline-Styer-McCann, Post No. 7155 Veterans of Foreign Wars*, 237 Pa. Superior Ct. 419, 423, 352 A.2d 134, 136 (1975), "to let stand a default judgment where a litigant has taken steps that he reasonably believes will result in the protection of his interests." *See also, Cione v. Skyline Corporation*, 293 Pa. Superior Ct. 470, 439 A.2d 672 (1981).

Order reversed; the rule to open judgment is made absolute; and the record is remanded for further proceedings according to law.

## ORDER

AND Now, this 13th day of September, 1983, the order of the Court of Common Pleas of Lackawanna County made July 6, 1982, is reversed; the rule to open judgment is made absolute; and the record is remanded for further proceedings according to law. Jurisdiction is relinquished.