649 A.2d 728

**In re Patrick DOOLEY, Appellant,**

v.

**LUZERNE COUNTY BOARD OF ASSESSMENT APPEALS.**

Commonwealth Court of Pennsylvania.

Argued Sept. 23, 1994.

Decided Nov. 2, 1994.

Lewis W. Wetzel, for appellant.

Michael I. Butera, for appellee.

Before COLINS, President Judge, and SMITH, J., and SILVESTRI, Senior Judge.

COLINS, President Judge.

Patrick Dooley (Dooley) appeals from an order of the Court of Common Pleas of Luzerne County (Common Pleas) denying his petition under the right-to-know law (Act)[1] for access to property assessment records maintained by the Luzerne County Board of Assessment Appeals (Board). We reverse.

On March 9, 1993, Dooley, a professional title searcher, arrived at the Board's offices and requested to see the assessment card for a client's property. Dooley was denied access to the assessment records. Dooley was told that he could not inspect the assessment card itself, but would have to fill out a request form to purchase a copy of the card for a fee of one dollar ($1.00). Dooley appealed to Common Pleas to order disclosure. Common Pleas denied relief.

1. Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4.

At the proceeding below, the Board introduced testimony to the effect that its earlier policy of allowing public inspection of the original records without Board intervention resulted in 9,000 missing cards. The Board contended that it introduced the current procedures as a security measure to preserve the records. Common Pleas found that the Board's procedures reasonably balance the Act's accessibility requirements with the need to preserve the integrity of the records. We disagree.

The Act guarantees that "[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania." 65 P.S. § 66.2. The Board is an agency subject to the Act, and the assessment cards it maintains are public records. *See Westmoreland County Board of Assessment Appeals v. Montgomery,* 14 Pa.Commonwealth Ct. 50, 321 A.2d 660 (1974). The language of the Act clearly mandates access to the Board's assessment records by means of examination and inspection.[2]

Common Pleas erred in broadening the discretion the Act confers on the subject agency. Section 2 of the Act permits the agency to set reasonable times for inspection, and Section 3, which deals with extracting and copying public records, gives the custodian "the right to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats." 65 P.S. § 66.3. The mandated opening of records for inspection is unqualified except for the "reasonable times" provision. In this matter, it is uncontested that *the original records were at no time open for inspection.*

The Board and Common Pleas misconstrue the issues and holding in *Hoffman v. Commonwealth,* 71 Pa.Commonwealth Ct. 99, 455 A.2d 731 (1983). After deciding that the petitioner in that case was in fact entitled to the records in question, this Court referenced Section 3 of the Act, relating to making

---

2. This Court recognizes that there may be rare situations where examination and inspection may be rendered "impossible" because of the record's format or some onerous prohibition not addressed by the Act. That issue is not now before this Court.

copies, and concluded that the petitioner could not demand that the copies be in the form of addressograph labels. We noted that the records were computerized and left it to the agency's discretion whether to produce paper or electronic copies. The agency's discretion was limited to reproduction procedures and costs. The facts and issues in this case and in *Hoffman* are not analogous.

The Court of Common Pleas of Luzerne County erred in denying Dooley the right to inspect assessment cards maintained by the Board and in sustaining the Board's overly restrictive procedures. Accordingly, its order denying Dooley's petition is reversed.

### ORDER

AND NOW, this 2nd day of November, 1994, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is reversed. The matter is remanded to the Court of Common Pleas of Luzerne County with directions that it enter an order directing the Board of Assessment Appeals of Luzerne County to permit the petitioner to examine and inspect assessment records maintained by that agency in accordance with the provisions of the Act of June 21, 1957, P.L. 390, *as amended.*