**Ernest L. MONTELLA, Appellant,**

v.

**BERKHEIMER ASSOCIATES
and H.A. Berkheimer, Inc.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 1996.

Decided March 3, 1997.

Michael H. Landis, Trevose, for appellant.

David R. Gordon, Bangor, for appellees.

Before COLINS, President Judge, and DOYLE, PELLEGRINI, FRIEDMAN, KELLEY, FLAHERTY and LEADBETTER, JJ.

LEADBETTER, Judge.

Ernest Montella (Appellant) appeals a Bucks County Court of Common Pleas order dismissing his second amended complaint and sustaining a preliminary objection to that complaint by Berkheimer Associates and H.A. Berkheimer, Inc. (Berkheimer). The question presented is whether the lower court properly dismissed the complaint on the grounds that Appellant failed to join the municipalities who are necessary and indispensable parties.

Appellant alleged in his complaint that Berkheimer is a private debt collector hired on a commission basis to collect one-percent earned income taxes for numerous political subdivisions, including two in which he worked and resided, Upper Moreland Township and Warrington Township (the townships). He asserted that Berkheimer knowingly and unlawfully collected taxes in the amount of $1,095 on his retirement benefits, as well as taxes on retirement benefits of other persons in all political subdivisions where Berkheimer has been retained, in violation of both the Local Tax Enabling Act (LTEA), Act of December 31, 1965, P.L. 1257, *as amended*, 53 P.S. §§ 6901–6924, and local earned income ordinances adopted thereunder. He has specifically noted that section 13 of the LTEA, 53 P.S. § 6913, excludes from the definition of earned income "payments commonly recognized as ... retirement pay." Appellant does not challenge the ordinances themselves, but does challenge their applicability to certain portions of his income, as well as the income of other taxpayers similarly situated.

On behalf of himself and a class of similarly situated persons, Appellant brought four counts against Berkheimer: (1) a civil rights age discrimination claim under 42 U.S.C. § 1983; (2) a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6); (3) a claim of unjust enrichment; and (4) a claim in equity. Appellant requested that Berkheimer pay damages equal to

one percent of the retirement benefits of both himself and the class and that it be enjoined from collecting further earned income taxes on retirement benefits.

Berkheimer's preliminary objections to the complaint contained an assertion, under Rule 1028 of the Pennsylvania Rules of Civil Procedure, that Appellant failed to join the two townships, which were indispensable and necessary parties. The trial court agreed, stating in its opinion that the two townships, not their tax collectors, were the proper parties to this action, and that Berkheimer was not subject to a tax refund action. The court premised its decision on our opinion in *Gorson v. Lackawanna County Bd. of Comm'rs*, 77 Pa.Cmwlth. 140, 465 A.2d 703 (1983), which interpreted section 2 of the Act of May 21, 1943, P.L. 349, *as amended*, 72 P.S. § 5566c, providing for suits against political subdivisions for tax refunds.[1] Appellant appealed and the Superior Court of Pennsylvania transferred the appeal here.

■■■■■ Appellant contends that the townships are not indispensable parties to this action. Whether a party is indispensable is viewed from the perspective of protecting the rights of the absent parties. *E–Z Parks, Inc. v. Philadelphia Parking Authority*, 103 Pa.Cmwlth. 627, 521 A.2d 71 (1987), *appeal denied*, 517 Pa. 610, 536 A.2d 1334 (1987). Relevant criteria have been set forth as follows:

1. Do absent parties have a right or interest related to the claim?

2. If so, what is the nature of the right or interest?

3. Is that right or interest essential to the merits of the issue?

4. Can justice be afforded without violating due process rights of absent parties?

*Id.* at 73 (citing *Mechanicsburg Area Sch. Dist. v. Kline*, 494 Pa. 476, 481, 431 A.2d 953,

956 (1981)). Parties are indispensable when their rights are so connected with the claims of the litigants that no decree can be made without impairing those rights. *Sprague v. Casey*, 520 Pa. 38, 48, 550 A.2d 184, 189 (1988).

In order to decide whether Appellant is entitled to relief, the court will necessarily have to determine the validity of the tax as applied and collected in this case. Further, if Appellant's proffered class is certified, the issue would be decided with respect to all similarly situated taxpayers in both townships. In addition, although Appellant has not styled his complaint as a refund action pursuant to 72 P.S. § 5566c and is seeking payment from Berkheimer, rather than from the townships themselves, he is seeking damages identical to those allowable in a refund action, *i.e.*, the taxes plus interest. In addition, he requests injunctive and declaratory relief barring collection of those taxes in the future.

Because the matter was decided on the basis of preliminary objections, few facts have been developed concerning the precise relationship between Berkheimer and the townships, Berkheimer's exact level of authority, the township's role in determining the applicability of the earned income tax to persons in Appellant's circumstances, or even what became of the tax money collected. Significantly, however, Appellant alleged in his complaint that Berkheimer was acting "under color of state law."[2]

Further, at oral argument, the parties confirmed that Berkheimer served as the townships' agents by collecting the taxes from the taxpayers and delivering all of the money collected, less his three percent commission, to the townships. Based on this relationship, we find that for purposes of this action, Berkheimer and the townships are in privity with one another. *See Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super. 225,

---

1. Where we stated that because tax collectors are not political subdivisions, they are not subject to suits for tax refunds under 72 P.S. § 5566c. *Id.* at 707. In distinguishing *Gorson*, Appellant contends that he does not seek a tax refund, but simply a tort recovery.

2. The viability of plaintiff's claim under 42 U.S.C. § 1983 was not reached in the lower court. However, it may be noted that absent a showing of concert of action between Berkheimer and the townships, Appellant's § 1983 claim cannot prevail. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141–42 (3d Cir.) (1995), *cert. de-*

234, 464 A.2d 1313, 1317 (1983) (stating that principals and agents are parties in privity for purposes of applying principles of res judicata).

The Supreme Court has recently stated that:

> [u]nder the doctrine of res judicata issue preclusion, when an issue of fact or of law is actually litigated and determined by a valid final judgment, and determination of the issue was essential to judgment, the determination on that issue is conclusive in a subsequent action between the parties, whether on the same or a different claim.

*McNeil v. Owens–Corning Fiberglas Corp.*, 545 Pa. 209, 213, 680 A.2d 1145, 1147–48 (1996) (citations omitted). Issue preclusion protects litigants from assuming the burden of re-litigating the same issue with the same party and promotes judicial economy through preventing needless litigation. *Id.* at ——, 680 A.2d at 1148. The doctrine applies to and is binding, not only on actual parties to the litigation, but also on those who are in privity with them. *Day,* 318 Pa. Super. at 233, 464 A.2d at 1317. Privity is broadly defined as "mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Ammon v. McCloskey,* 440 Pa. Super. 251, 261, 655 A.2d 549, 554 (1995), *appeal denied,* 543 Pa. 689, 670 A.2d 139 (1995). Typically, the same loss, the same measure of damages, and the same or nearly identical issues of fact and law are involved. *Day,* 318 Pa. Super. at 234, 464 A.2d at 1317. Generally, parties are in privity if one is vicariously responsible for the conduct of another, such as principal and agent or master and servant. *Id.,* 464 A.2d at 1317.[3]

Thus, the townships would be bound by any judgments or injunctions entered below. *Thompson v. Karastan Rug Mills,* 228 Pa. Super. 260, 265, 323 A.2d 341, 344 (1974); *Kohut v. Workmen's Compensation Appeal Board (Township of Forward),* 153 Pa. Cmwlth.382, 621 A.2d 1101, 1104 (1993), *appeal denied,* 535 Pa. 650, 633 A.2d 154 (1993). Moreover, although Berkheimer could be ordered to pay damages, this action also seeks injunctive and declaratory relief. It is difficult to imagine how the trial court could begin to fashion a meaningful injunctive and declaratory remedy if the townships are not to be bound.

Under these circumstances, the essential interests of the absent townships are so intertwined with the issues sought to be decided here that they are indeed indispensable parties to this action. *E–Z Parks, Inc. v. Philadelphia Parking Authority,* 103 Pa. Cmwlth. 627, 521 A.2d 71, 73–74, *appeal denied,* 517 Pa. 610, 536 A.2d 1334 (1987). Accordingly, the decision of the court of common pleas is affirmed.

### ORDER

AND NOW, this 3rd day of March, 1997, the order of the Bucks County Court of Common Pleas is affirmed.

FRIEDMAN, Judge, dissenting.

I respectfully dissent. The majority opinion does not convince me that Upper Moreland and Warrington Townships (townships) are necessary and indispensable parties to this action.[1] Moreover, assuming, arguendo,

---

*nied,* —— U.S. ——, 116 S.Ct. 165, 133 L.Ed.2d 107 (1995).

**3.** The legal rationale behind the rules of vicarious responsibility is to grant an injured person the additional security for recovery by imposing liability on a person other than the primary obligor. *Day,* 318 Pa. Super. at 234, 464 A.2d at 1317. This option, however, while not affording the injured person a further option to litigate successively the issues upon which his claim is founded, has often led courts to require injured parties to sue both obligors in the same action. *Id.,* 464 A.2d at 1317. One reason for this requirement is to protect the primary obligor from being required to pay indirectly, by indemnity, an obligation from which he had been directly exonerated. *Id.,* 464 A.2d at 1317; Restatement (Second) of Judgments § 51 cmt. b (1994).

In the instant case, the townships, as the principals, are vicariously responsible for the actions of Berkheimer, as the agent. Thus, if Berkheimer is exonerated and Appellant wins a subsequent suit against the townships, then Berkheimer may be forced to indemnify the townships as the primary obligor. This result is precisely that which the courts have sought to avoid when applying the principles of res judicata.

**1.** The majority concludes that, "[i]n order to decide whether Appellant is entitled to the relief sought in his complaint, the court will necessarily have to determine the validity of the tax as applied and collected in this case." (Maj. op. at 803.) The majority then goes on to determine

that this is true, I do not believe that the majority should have affirmed the dismissal of Ernest Montella's second amended complaint *unless* it was not possible to join the townships in this action. Pa.R.C.P. No. 1032(b).[2]

that, based on an acknowledged agency relationship, Berkheimer and the townships are in privity with one another, so that the townships would be bound by any judgments or injunctions entered below. On that basis, the majority concludes that the trial court could not "begin to fashion a meaningful injunctive and declaratory remedy if the townships are not to be bound." (Maj. op. at 804.)

I agree that a threshold substantive issue in this case, emphasized by the superior court in transferring the appeal to this court, might necessarily be whether taxes on retirement benefits collected by Berkheimer, engaged by the townships and other political subdivisions, constitute taxes on earned income under the Local Tax Enabling Act (LTEA), Act of December 31, 1965, P.L. 1257, *as amended,* 53 P.S. §§ 6901–6924 and local earned income ordinances adopted thereunder. However, the resolution of this issue would at most set a legal precedent, as may occur in any case. A decision would in no way require the townships or other political subdivisions to refund taxes received, because, in addition to the statutory restraints discussed in *Gorson v. Lackawanna County Board of Commissioners,* 77 Pa.Cmwlth. 140, 465 A.2d 703 (1983), Appellant's claim is that Berkheimer is *independently* liable based on its own willful actions, and redress is sought solely from Berkheimer. The distinctive allegations here are that Berkheimer "knowingly" violated the LTEA and earned income ordinances, knew it was not collecting earned income taxes and, in so doing,

committed unfair debt collection actions, civil rights violations in discriminating on the basis of age and was unjustly enriched. Therefore, the determinative issue is whether there is such culpability and independent liability. Assuming Appellant can prove his case in this regard, after first establishing that the taxes collected were not on earned income, it is the rights and interests of Berkheimer, not the townships, that may be impaired and prejudiced.

Further, I would agree with the majority that Appellant concedes that Berkheimer served as the townships' agent *with regard to the legal collection of taxes.* However, because the claims set forth in the second amended complaint are brought against Berkheimer based on actions and omissions *which exceed the authority conferred by the LTEA and various political subdivisions,* Appellant does not allege an actual or apparent agency relationship between Berkheimer and the townships *with regard to the collection of the alleged illegal collection of taxes;* therefore, for purposes of this action, I would not find Berkheimer and the townships in privity with one another.

2. Rule 1032(b) of the Pennsylvania Rules of Civil Procedure provides in pertinent part as follows:

(b) Whenever it appears by suggestion of the parties or otherwise ... that there has been a failure to join an indispensable party, the court shall order ... that the indispensable party be joined, but if that is not possible, then it shall dismiss the action.