**CURRENT STATUS, INC., Appellant,**

v.

**Rose HYKEL, Tax Collector.**

Commonwealth Court of Pennsylvania.

Argued March 5, 2001.
Decided June 11, 2001.

Majorie E. Greenfield, Philadelphia, for appellant.

Jeffrey T. Sultanik, Lansdale, for appellee.

Before McGINLEY, LEADBETTER, Judges and CHARLES P. MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Current Status, Inc., a New Jersey corporation registered to do business in Pennsylvania, appeals from the order of the Court of Common Pleas of Montgomery County (trial court) that dismissed its appeal filed under the act commonly referred to as the "Right–to–Know Act" (Act).[1] Current Status alleged that Rose Hykel, the Tax Collector of Upper Merion Township (Tax Collector), refused to allow the examination of certain tax records under the terms and conditions desired by Current Status. We affirm.

The trial court did not make any findings of fact. Instead, it determined that the Tax Collector, as a matter of law, is not a body subject to the provisions of the Act. The essential "facts" are generally agreed upon, however. Current Status is a for-profit business that sells information to title companies, including payment history information on real estate tax assessments. The Tax Collector is the elected tax collector for Upper Merion Township. Her duties are to collect and process payments on approximately 20,000 tax bills, and then make the appropriate disbursement. Records of the payments are maintained by the Tax Collector on a personal computer purchased and owned by the Tax Collector. Over the past year, employees from Current Status have approached the Tax Collector requesting tax payment information on parcels of real estate within the Township. According to Current Status, these visits occurred "from time to time"; according to the Tax Collector, these visits occurred "several times each week."

The Tax Collector alleges that each time, Current Status has "demanded immediate computer print-outs" showing the "current status" of payments on specific tax parcels, sometimes as many as seven to eight parcel requests per visit. Current Status alleges that they simply desired to "examine and inspect" individual tax records maintained by the Tax Collector. The parties do not dispute that the Tax Collector had been providing computer printouts of current payment information to Current Status upon request, generally for a fee of $2 and a wait of two days. Allegedly because of the increase in Current Status' requests, which allegedly placed a "tremendous strain" on the Tax Collector's ability to perform her duties, the Upper Merion Township Board of Supervisors enacted an ordinance requiring a fee of $5 and a wait of five days for the type of information requested by Current Status. Current Status thereupon filed the present action under the Act seeking a determination that it may have immediate and unfettered access to the requested tax information by either viewing the Tax Collector's computer or receiving a printout, during regular business hours, and for a fee not exceeding $2 for the printout.

---

**1.** Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §§ 66.1–66.4.

The matter was heard before the trial court, where an employee of Current Status and the Tax Collector each testified. Following the hearing, the trial court dismissed the appeal, determining that the Tax Collector is not an "agency" as defined by the Act, and therefore, Current Status had no cause of action under the Act. This appeal followed.

■ This Court's scope of review of an order denying access to information under the Act is whether such denial was just and proper. *Scranton Times, L.P. v. Scranton Single Tax Office*, 736 A.2d 711 (Pa.Cmwlth.1999), aff'd, 564 Pa. 30, 764 A.2d 17 (2000). The issues before us may be summarized as follows: (1) whether the Tax Collector is an "agency" as defined by the Act; (2) if so, whether the records she maintains are "public records"; and (3) if Hykel is an agency and her records are public records, then whether the $5 charge and five day wait for the computer printout a reasonable accommodation under the Act.

Section 2 of the Act, 65 P.S. § 66.2, provides that "[e]very public record of an *agency* shall, at reasonable times, be open for examination and inspection by any citizen of ... Pennsylvania." (Emphasis added.) Section 3 of the Act, 66 P.S. § 66.3, also provides for the right to make copies, provided that "[t]he lawful custodian of such records shall have the right to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats." "Agency" is defined in Section 1(1) of the Act, 65 P.S. § 66.1(1), as:

Any department, board or commission of the executive branch of the Commonwealth, any political subdivision of the Commonwealth, the Pennsylvania Turnpike Commission, or any state or municipal authority or similar organization created by or pursuant to a statute which declares in substance that such organization performs or has for its purpose the performance of an essential government function.

The trial court determined that the Tax Collector is not an "agency" as defined by the Act because the office of Tax Collector is not listed in or suggested by the Act's definition of agency. The court noted that the Tax Collector is not connected with the executive branch of the Commonwealth, is not a political subdivision of the Commonwealth or the Turnpike Commission, and is not a state or municipal authority. In coming to the conclusion that the Tax Collector is not a municipal authority, the court focused upon the statutory definitions of "Municipal Authority." Section 1991 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1991, provides that a "Municipal authority" is defined as "[a] body corporate and politic created pursuant to the ... Municipality Authorities Act of 1945." Section 2 of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. § 302, provides that "[t]he term 'Municipal Authority' shall mean the body or board authorized by law to enact ordinances or adopt resolutions for the particular municipality." The trial court noted that the elected Tax Collector is not a corporate or political body having the authority to enact ordinances or adopt resolutions for a municipality; thus, she did not fall under the definition of "Municipal Authority or similar organization."

■ We agree with the analysis of the trial court. The position of Tax Collector is established and defined by the Local Tax Collection Law (LTCL), Act of May 25, 1945, P.L. 1050, *as amended*, 72 P.S. §§ 5511.1–5511.42. The LTCL essentially limits the duties of a Tax Collector to the issuance of tax bills, the receipt of taxes, and the paying over of taxes to the munici-

pality.[2] The LTCL reserves the power to assess taxes, the power to set discounts and assess penalties, and the power to grant exoneration for uncollected taxes with the taxing authority. The Tax Collector is required, at least monthly, to certify to the taxing authority a statement of the accounts issued and taxes received for the preceding monthly or lesser period. Section 25 of the LTCL, 72 P.S. § 5511.25. Thus, not only does the Tax Collector lack any power to enact ordinances or adopt resolutions for the municipality, the records that the Tax Collector maintains are also to be found with the taxing authority. We note that a taxing authority, in contrast to a Tax Collector, is subject to the disclosure provisions of the Act. *See Dooley v. Luzerne County Board of Assessment Appeals*, 168 Pa.Cmwlth. 242, 649 A.2d 728 (1994).

The intent of the Act is to allow any individual or entity access to public records to discover information about the workings of our government. *Sapp Roofing Co. v. Sheet Metal Workers' International Ass'n*, 552 Pa. 105, 713 A.2d 627 (1998). The Act thus is designed to permit the scrutiny of the acts of public officials and to make them accountable for their use of public funds. *Envirotest Partners v. Department of Transportation*, 664 A.2d 208 (Pa.Cmwlth.1995).[3] The Tax Collector does not assess taxes or determine how the taxes are spent. She simply collects the taxes and transfers them to the Township. The Township eventually obtains all of the relevant information regarding the receipt of taxes that is in the possession of the Tax Collector on a time schedule set by statute or by ordinance. Therefore, such information is available for inspection by a citizen from the Township, thus insuring that the purposes of the Act are fulfilled. Nothing in the Act, however, requires that certain information be made *immediately* available for the commercial purposes of the inspecting citizen.[4] More importantly, however, the fact remains that the Tax Collector does not fall under the definition of "agency" under the Act. While we agree with Current Status that the duties of the Tax Collector are "essential," those duties do not correspond with the powers or nature of a municipal authority or any similar organization. *See Gorson v. Lackawanna County Board of Commissioners*, 77 Pa.Cmwlth. 140, 465 A.2d 703 (1983), where we held that a tax collector is not a political subdivision and therefore not subject to suit for a refund of taxes.

Current Status makes several arguments in an attempt to sweep the Tax Collector under the definition of "agency" as defined by the Act. It argues that the present case is analogous to *Shapp v. Butera*, 22 Pa.Cmwlth. 229, 348 A.2d 910 (1975). In *Shapp*, we held that the Governor of Pennsylvania is subject to the Act even though not specifically listed under the definition of "agency." We noted that the Governor is the head of the executive

---

**2.** Other duties include the collection of taxes by the institution of suit, which power is also vested in the taxing authority. *See* Section 21 of the LTCL, 72 P.S. § 5511.21.

**3.** A citizen's particular interest in seeking disclosure of public records from an agency under the Act, however, is irrelevant, and a citizen may not be denied access because he or she fails to have a "legitimate" interest in viewing the information. *Id.*

**4.** Indeed, an agency is not, upon such request for information under the Act, required to modify its practices by compiling lists of information when such lists are not otherwise kept by the agency or required by law. *Scranton Times.* An agency is not required to modify its duties to become the agent of a commercial enterprise. *Id.*

agencies listed and must therefore be considered a part of them and thus subject to the Act. The argument of Current Status that the Tax Collector, as an elected official like the Governor, is similarly subject to the Act is meritless. The Tax Collector is *not* the head of any body listed in the Act's definition of agency. Current Status also argues that the Tax Collector is a Township officer and an agent of the Township. To the degree that the Tax Collector may be considered as such, her powers and duties are circumscribed by statute and they simply do not correspond to the definition of "Municipal Authority" which we must follow. Indeed, Current Status offers no argument why we are not compelled to follow the definition of "Municipal Authority" mandated by the Statutory Construction Act.

 Having determined that the Tax Collector is not an agency under the Act and therefore not subject to the provisions of the Act, we need not address the subsidiary questions of whether the records kept by the Tax Collector are "public records" under the Act or whether the procedures imposed for obtaining the information requested by Current Status are reasonable under the Act. We would note parenthetically, however, that the five-day waiting period and $5 fee for obtaining a copy of the information Current Status seeks was allegedly imposed by duly enacted Township ordinance. Current Status did not make the Township a party to this action, nor did it argue that the ordinance is unconstitutional. Its challenge to the five-day waiting period and $5 fee, as a provision of law, is therefore not properly before the Court.

The order of the trial court is affirmed.

Judge LEADBETTER concurs in the result only.

*ORDER*

AND NOW, this 11th day of June, 2001, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is hereby affirmed.