# Delaware County v. Mari A. Schaefer

84

*Michael E. Baughman* and *Kaitlin M. Gurney*, for appellant.

*Francis J. Catania*, for appellee.

KENNEY, *J.*, April 8, 2011—Appellant, Mari A. Schaefer, now appeals this court's order of January 26, 2011, reversing the October 21, 2010 final determination of the Pennsylvania Office of Open Records. The request, submitted pursuant to the Right-to-Know Law, sought individuals' home addresses and dates-of-birth, not on the basis that the individuals are citizens, property owners, taxpayers or voters of Delaware County, but solely on the basis that the individuals are employees of Delaware County. In applying a common sense[1] application of the Right-to-Know Law, this court reversed the Office of Open Records, and affirmed the decision of the Delaware County open records officer, Anne Coogan, in her determination that the information sought *in this specific request* was not a public record subject to disclosure under the Right-to-Know Law. Accordingly, and for the reasons that follow,

---

1. Juries in this Commonwealth are instructed to follow their good common sense and human experiences in determining facts and applying those facts to the law as instructed. See, Pa. SSJI (Civ.) § 20.00 at ¶ 4 (2005); See also, Pa. SSJI (Crim.) §§7.01 at ¶ 8, 7.05 at ¶3 (2005). In this same vein, local open records officers are called upon to evaluate Right-to-Know Law requests with their good common sense and human experiences in applying the facts of the request to the law.

the order of January 26, 2011 should be affirmed.

## FACTUAL BACKGROUND

Mari A. Schaefer, acting on behalf of the *Philadelphia Inquirer*, made a request to Delaware County by letter dated May 6, 2009 (the "Request"), pursuant to Pennsylvania's Right-to-Know Law ("RTKL").[2] See, Delaware County's "petition seeking judicial review of a final determination of the Pennsylvania Office of Open Records" at "exhibit 2." The request sought "Delaware County government payroll information" including "employee name, position and department, home address and full date-of-birth information." See, *id*. By letter dated May 13, 2009, Delaware County responded to the request and indicated that an additional thirty (30) days would be required to provide a full response. See, *id*. at "exhibit 3."

On June 12, 2009, Delaware County submitted its formal response to the request and advised Ms. Schaefer that the request was granted in part and denied in part. See, *id*. at "Exhibit 4." The portion of the request seeking Delaware County employees by name, title and salary was granted, and that information was provided to Ms. Schaefer.[3] See, *Id*. However, Delaware County denied the request as to employee home address and full date-of-birth information, asserting the following as the basis of denial: (a) the information sought was not a record, as defined by the RTKL;[4] (b) the information sought was exempt under

---

2. Pennsylvania's Right-to-Know Law is codified at 65 P.S. §§67.101, et seq.

3. As the "request" was granted in part and denied in part by Delaware County, this opinion will only address the "request" in terms of the denial of releasing the home addresses and dates-of-birth of the employees of Delaware County.

4. See, 65 P.S. §67.102.

Sections 708 and 305;[5] and (c) employees of Delaware County have a common law right to privacy in their home addresses and dates-of-birth, preventing disclosure. See, *id.*

Ms. Schaefer timely appealed to the Pennsylvania Office of Open Records ("OOR") by letter dated July 2, 2009. See, *Id.* at "exhibit 5." A stipulation between Ms. Schaefer and Delaware County was entered into, allowing the OOR an indefinite time period to adjudicate the appeal, pending the Commonwealth Court's resolution of *PSEA, et al. v. DCED/OOR, et al.*, 396 M.D. 2009 (Pa.Cmwlth.). See, *id.* at "exhibit 6," "exhibit 7." On October 1, 2010, the OOR advised the parties that a final determination would be issued on or before October 25, 2010, and invited the parties to submit any additional information in support of, or against, Ms. Schaefer's appeal. See, *id.* at "Exhibit 8."

The OOR subsequently issued its final determination on October 21, 2010, and held that the home addresses and dates-of-birth of employees of Delaware County are subject to disclosure under the RTKL. See, *id.* at "exhibit 1." Following a timely appeal of Delaware County to this court, an order was entered on January 26, 2011 reversing the final determination of the OOR.[6] Ms. Schaefer thereafter instituted the present appeal.

## STANDARD OF REVIEW

At the outset, the standard of review of the final

5. See, 65 P.S. §§ 67.708(b)(1)(ii), (6)(i)(A-C); 65 P.S. § 67.305(a)(3).

6. Pursuant to the RTKL, findings of fact and conclusions of law were issued in conjunction with the January 26, 2011 order. See, 65 P.S. §67.1301(a).

determination of the OOR must be noted. To properly adjudicate the appeal of Delaware County, a determination was required to be made whether the OOR committed an error of law, whether the final determination violated constitutional rights, or whether necessary findings of fact are supported by substantial evidence. See, *Palmer v. Pennsylvania State Police*, 928 A.2d 1165, 1167 fn. 3 (Pa. Cmwlth. 2007). The record presented to this court on appeal was complete for review, as it contained Ms. Schaefer's request, Delaware County's response, the appeal filed and the final determination of the OOR. See, 65 P.S. § 67.1303(b).

## DISCUSSION

In evaluating the appeal of Delaware County from the final determination, it is important to revisit the intent behind the RTKL. With the intent of the RTKL in mind, and a common sense application of the facts to the RTKL as a guide, a determination must then be made as to whether the home addresses and dates-of-birth, sought in this specific request, fall within an exception to the general rule of disclosure in the RTKL.

### *The Intent of the RTKL*

The appellate courts of this Commonwealth have commented extensively on the intent of the RTKL. Specifically, the RTKL was "designed to permit the scrutiny of the acts of public officials and to make them accountable for their use of public funds." *Buehl v. Pennsylvania Department of Corrections*, 955 A.2d 488, 493 (Pa. Cmwlth. 2008); see also, *Current Status, Inc. v. Hykel*, 778 A.2d 781, 784 (Pa. Cmwlth. 2001). Pursuant to the purpose of the RTKL, individuals or entities are

allowed access to public records to discover information about the workings of government. *Current Status, Inc.,* 778 A.2d at 784; see also, *Sapp Roofing Co., Inc. v. Sheet Metal Workers' International Association, Local Union No. 12,* 552 Pa. 105, 109, 713 A.2d 627, 629 (Pa. 1998).

The RTKL intends to "insure the availability of government information to citizens of the Commonwealth by providing access to official information, and thus, broad construction is given to the initial determination of whether a document is a public record." *Heicklen v. Department of Corrections,* 769 A.2d 1239, 1242 (Pa. Cmwlth. 2001). "While emphasis of [the RTKL] is on disclosure of official information, [the RTKL] seeks to provide balance between access to this information by the general public, while it protects confidential nature of specific types of information." *Bargeron v. Department of Labor and Industry, Unemployment Compensation Board of Review,* 720 A.2d 500, 502 (Pa. Cmwlth. 1998).

Thus, in reviewing the aforementioned cases, it is clear that the general assembly intended to create a more transparent government through the enactment of the RTKL. Citizens must be afforded the opportunity to examine how their government works and how their government spends their hard-earned dollars. In accordance with this intent, Delaware County properly released the names, titles and salary information of its employees in response to the request. However, it must still be determined whether the home addresses and dates-of-birth of the county employees are subject to disclosure under the RTKL, in regard to this specific request.

*Balancing Privacy and Public Security Interests*

*Against Public Disclosure*

With the intent of the RTKL in mind, and good common sense and human experience as a guide, a determination must be made whether the home addresses and dates-of-birth are releasable public information in response to this request. Generally, the RTKL presumes that records in the possession of a Commonwealth agency or local agency are public records. See, 65 P.S. § 67.305(a). However, this general presumption is not absolute, as records are not required to be disclosed if they are: (i) exempt under Section 708 of the RTKL; (ii) protected by a privilege; or (iii) exempt from disclosure under any other federal law or state law or regulation or judicial order or decree. See, *id*. Because the request seeks information going beyond strictly governmental information and into the realm of an individual's personal information, a balancing test must be employed, weighing the personal security and privacy interests of the employees of Delaware County against the benefits of public disclosure. See, *Times Publishing Company v. Michel*, 633 A.2d 1233, 1239 (Pa. Cmwlth. 1993), *petition for allowance of appeal denied*, 645 A.2d 1321 (Pa. 1994).[7]

---

7. While this balancing test was judicially created under the prior version of the RTKL, this balancing test has not been abolished under the currently enacted RTKL. In fact, the Commonwealth Court had the opportunity to consider whether this balancing test applies in the current RTKL, but declined to do so, instead dismissing the case on jurisdictional grounds. See, *Pennsylvania State Education Association, et al. v. Commonwealth of Pennsylvania, et al.*, 4 A.3d 1156, 1162 (Pa.Cmwlth. 2010), *appeal docketed*, No. 59 MAP 2010 (Pa. Sept. 28, 2010). This court does, however, find persuasion in the dissenting opinion of Judge McCullough that such a balancing test would apply to the presently enacted RTKL. See, *id*. at 1174 (McCullough, J. dissenting). Until such time that the appellate courts, or the general assembly, completely prohibit such a balancing test, the test must be employed to determine whether personal security and privacy interests are invaded in the context of a RTKL request.

In regard to the disclosure of home addresses, courts have consistently applied a balancing test to determine whether the benefit of disclosure outweighs the privacy interests of non-disclosure. See, *Goppelt v. Philadelphia Revenue Department*, 841 A.2d 599, 604-05 (Pa. Cmlwth. 2004). The Supreme Court of the United States applied such a balancing test, pursuant to a Freedom of Information Act request, to determine whether the interest in disclosing to a specific union the home addresses of federal union employees, outweighed the privacy interests of the employees in non-disclosure. *United States Department of Defense, et al. v. Federal Labor Relations Authority, et al.*, 510 U.S. 487, 114 S.Ct. 1006 (1994). In balancing these interests, the court sought to determine whether "disclosure of the information would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know 'what their government is up to.'" *Id.* at 497, 1013, citing, *Department of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 773, 109 S.Ct. 1468, 1482 (1989).

In writing for the majority, Justice Thomas noted that "[i]t is true that home addresses often are publicly available through sources such as telephone directories and voter registration lists, but '[i]n an organized society, there are few facts that are not at one time or another divulged to another.'" *Federal Labor Relations Authority*, 510 U.S. at 500, 114 S.Ct. at 1015, citing, *Reporters Comm.*, 489 U.S. at 763, 773 S.Ct. at 1476. The court went onto state:

Many people simply do not want to be disturbed at home by work-related matters. Employees can lessen the chance of such unwanted contacts by not revealing their

addresses to their exclusive representative. Even if the direct union/employee communication facilitated by the disclosure of home addresses were limited to mailings, this does not lessen the interest that individuals have in preventing at least some unsolicited, unwanted mail from reaching them at their homes. We are reluctant to disparage the privacy of the home, which is accorded special consideration in our constitution, laws, and traditions. Cf. *Rowan v. United States Post Office Dept.*, 397 U.S. 728, 737, 90 S.Ct. 1484, 1490, 25 L.Ed.2d 736 (1970); *Olmstead v. United States*, 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 944 (1928) (Brandeis, J. dissenting). Moreover, when we consider that other parties, such as commercial advertisers and solicitors, must have the same access under [the Freedom of Information Act] as the unions to the employee address lists sought in this case, see supra, at 1013, 1014, it is clear that the individual privacy interest that would be protected by nondisclosure is far from insignificant. *Federal Labor Relations Authority*, 510 U.S. at 501, 114 S.Ct. at 1015-16.

Similar to the Supreme Court of the United States in *Federal Labor Relations Authority*, the appellate courts of this Commonwealth have consistently employed a balancing test when analyzing the personal security and privacy interests against the benefits of public disclosure. See, *Times Publishing Company*, 633 A.2d at 1239; see also, *Hartman v. Department of Conservation and Natural Resources*, 892 A.2d 897, 906 (Pa. Cmwlth. 2006); *Cypress Media, Inc. v. Hazelton Area School District*, 708 A.2d 866, 870 (Pa. Cmwlth. 1998); *Goppelt*, 841 A.2d at 604. This is so, because the RTKL has been interpreted to include a

right to privacy — more specifically, a privacy exception to the general rule of disclosure. See, *Hartman*, 892 A.2d at 905-06, citing, *Cypress Media, Inc.*, 708 A.2d at 870 (there exists a privacy exception to the RTKL's general rule of disclosure), *Tribune-Review Publishing Co. v. Allegheny County Housing Authority*, 662 A.2d 677, 683 fn. 9 (Pa. Cmwlth. 1995) (a right of privacy exists in the RTKL). Moreover, in regard to a person's home address, it is "generally accepted that a person has a privacy interest in his or her home address." *Hartman*, 892 A.2d at 905, citing, *Sapp Roofing Co., Inc.*, 713 A.2d at 630.

Recently, our Supreme Court had the occasion to address the release of employee salary information, where the salary was funded directly by Commonwealth funds. See, *The Pennsylvania State University v. State Employees' Retirement Board*, 594 Pa. 244, 935 A.2d 530 (Pa. 2007).[8] In holding that the salary information was discoverable, the court stated:

> ...the public interest asserted herein is the people's right to governmentl transparency in the form of their right to know the identities of individuals receiving, or standing to receive, Commonwealth funds and the specific basis therefore. Such requests for information go to the heart of the RKT[L] and are precisely what the

---

8. The employees at issue were employees of The Pennsylvania State University, which under the prior RTKL, was not considered a Commonwealth agency. This classification has been amended through the currently enacted RTKL. See, 65 P.S. § 67.102. However, the fact that the university was not a Commonwealth agency under the then RTKL was not an issue, because the specific employees, whose salary information were sought, voluntarily participated in the State Employees Retirement System, a Commonwealth agency, and by statute, that participation classified the subject employees as state employees. See, *The Pennsylvania State University*, 935 A.2d at 539-40.

general assembly intended when codifying the public's right to know. *The Pennsylvania State University*, 935 A.2d at 539.

The court continued:

> *With regard to the right to privacy in one's social security number, telephone number or home address, we would have greater difficulty concluding that the public interest asserted here outweighs those basic rights to privacy.* Such is not the scenario presently before the court, however. *The request for disclosure in this matter specifically excluded such personal information. Id.* (emphasis added).

In the instant case, applying good common sense and human experience, any conceivable benefits of disclosure of the home addresses and dates-of-birth of Delaware County employees are overwhelmingly outweighed by the personal security and privacy interests in nondisclosure. In denying the request, Delaware County noted that the personal security and privacy interests of its employees favor nondisclosure. See, Delaware County's "petition seeking judicial review of a final determination of the Pennsylvania office of open records," "exhibit 4" at 3. Delaware County asserted that it had an obligation to protect its employees from identity theft, a very real and apparent threat in our society today. See, *id.* at 3-4. This much was supported by the county's citation to extensive federal research indicating how the release of this personal information will directly expose its employees to identity theft. See, *Id.* at 3. Thus, the specific information requested herein is exactly the type of information that "would be reasonably likely to result in a substantial and

demonstrable risk of physical harm to or the personal security of [the employees of Delaware County]." See, 65 P.S. 67 §67.708(b)(1)(ii).[9]

Delaware County, in addition to the personal security concerns, asserted a common law right to privacy in its denial. See, Delaware County's "Petition seeking judicial review of a final determination of the Pennsylvania office of open records," "exhibit 4" at 3. A fundamental privilege enjoyed by all citizens of the United States of America is the right to be left alone from their government. See, *Olmstead v. United States*, 277 U.S. 438, 478, 48 S.Ct. 564, 572 (1928) (Brandeis, J. dissenting). In Pennsylvania, citizens are afforded an even greater protection under our constitution. See, Pa. Const. Art. 1, § 1, 8. Many Delaware County employees may simply not want to be disturbed at home by matters relating to work. On point with the analysis of the Supreme Court of the United States, each request made pursuant to the RTKL, made by either a citizen, a newspaper, a marketing company or a convicted felon, must be given the same deference regardless of intent.[10] See, *Federal Labor Relations Authority*, 510 U.S. at 501, 114 S.Ct. at 1015-16. Considering this, "it is clear that the individual privacy interest that would be protected

---

9. In reviewing the legislative debate leading up to the passage of the current RTKL in 2008, members of the general assembly raised the very same concerns regarding the release of home addresses and dates-of-birth in a RTKL request. See, e.g., 192 Legis. J. 7,1559 (daily ed. Jan. 30, 2008) (statements of Sen. Punt). Important of note, however, is that while the currently enacted RTKL does not totally prohibit the release of home addresses and dates-of-birth, the current RTKL did not prevent the courts from balancing, on a case-by-case basis, the public interest in disclosure of home addresses and dates-of-birth against the personal security and privacy interests in nondisclosure. See, supra, fn. 6.

10. Pursuant to the RTKL, the intent behind the request is not to be considered. See, 65 P.S. §§ 67.301(b), 67.302(b), 67.303(b) and 67.304(b).

by nondisclosure is far from insignificant." *Id.*

In reviewing *Pennsylvania State Education Association,* there does appear to be some current disagreement as to whether there exists a specific privacy interest in one's home address in Pennsylvania. See, *Pennsylvania State Education Association,* 4 A.3d at 1170, fn. 6 (Pellegrini, J. dissenting), at 1172 (McCullough, J. dissenting). The disagreement stems from our Supreme Court's holding in *Commonwealth v. Duncan,* a criminal case. See, *Commonwealth v. Duncan,* 572 Pa. 438, 817 A.2d 455 (Pa. 2003). Most important is the context in which *Duncan* was decided. The court held in *Duncan* that a criminal defendant did not have a right to privacy in the home address and name, associated with a bank card, which was disclosed to police by a bank without a warrant. See, *id.* at 451-52. Irrespective of whether or not *Duncan* applies in the context of a civil RTKL request, it goes without saying that the home "is accorded special consideration in our constitution, laws, and traditions." *Federal Labor Relations Authority,* 510 U.S. at 501, 114 S.Ct. at 1015-16; see also, *Olmstead,* 277 U.S. at 478, 48 S.Ct. at 572 (1928) (Brandeis, J. dissenting). In addition, and most importantly, the currently enacted RTKL provides an exemption to disclosure for records that would "reasonably likely" subject an individual to "physical harm" or "personal security" and our courts have consistently held that the "personal security" exception of the RTKL includes a right to privacy. See, 65 P.S. 67 § 67.708(b)(1)(ii); see also, *Pennsylvania State Education Association,* 4 A.3d at 1172 (McCullough, J. dissenting), citing, *The Pennsylvania State University,* 935 A.2d 530; *Rowland v. Public School Employees' Retirement System,*

885 A.2d 621 (Pa. Cmwlth. 2005), *Times Publishing Co., Inc. v. Michel,* 633 A.2d 1233 (Pa. Cmwlth. 1993).

It must be stated that this opinion does not advocate a bright-line test wherein the addresses or dates-of-birth of all governmental employees, or any specific group of individuals for that matter, should be exempt from disclosure in every case. In certain circumstances, the disclosure of home address information may be appropriate, and that disclosure may include the home addresses of Delaware County employees. See, e.g., *Goppelt,* 841 A.2d at 606. As indicated, this is a process requiring a good faith effort on the part of the Delaware County open records officer to use her good common sense and human experience on a case by case basis to determine whether the presumed public record falls under one of the exceptions outlined in Section 708 of the RTKL. Employees of Commonwealth or local agencies should not be afforded special protections, not afforded to the general public, in each and every RTKL request.[11] In the same vein, employees of Commonwealth or local agencies should not be deemed to have waived their personal security and privacy interests simply by being in the employ of a Commonwealth or local agency.

The request presented to this court for review included a specific request for the home addresses and dates-of-birth of Delaware County employees in the context of their employment. This type of request, for the specific personal information of a governmental employee or employees, should in and of itself raise a "red flag" to any

---

11. Of course, judges, law enforcement officers and minor children are excluded from this line of reasoning, as judges, law enforcement officers and children aged 17 or younger are afforded some special protections in RTKL requests. See, 65 P.S. § 67.708(b)(6)(i)(C), (b)(30).

local open records officer when applying common sense to the request. Although the intent behind the request is not to be considered, it is undeniable that when a request is made for such specific personal information of individual employees, a very real and demonstrable threat to the personal security and physical safety of those targeted employees exist.[12] The RTKL presumes that a local open records officer will act in good faith in evaluating a request made pursuant to the RTKL. See, 65 P.S. § 67.901. Acting in good faith includes the application of common sense.

To note the obvious, certainly the home addresses, and even possibly dates-of-birth, of the employees of Delaware County are available in a myriad of public fora. Such was noted by the Supreme Court of the United States in *Federal Labor Relations Authority*. See, *Federal Labor Relations Authority*, 510 U.S. at 500, 114 S.Ct. at 1015 (citation omitted). However, this fact alone should not require the disclosure of home address and date-of-birth information in this RTKL request. Nor should the fact that the information sought here may be available in a different RTKL request require disclosure in this instance. Each request made pursuant to the RTKL must be evaluated on its face, and when personal security and privacy interests are raised, the interests must be weighed against the public interest in disclosure.

In evaluating the instant request, the following conclusions can be reached. The information requested here does not allow for the scrutiny of the acts of public officials. See, *Buehl*, 955 A.2d at 493. This information does

_____

12. Whether the RTKL request is for the personal information of one or all employees of an agency, the very same threat exists.

not assist citizens in holding public officials accountable for their use of public funds. See, *id*. The home addresses and dates-of-birth of the employees of Delaware County reveal little to nothing about the workings of the Delaware County government. See, *Sapp Roofing Co., Inc.*, 713 A.2d at 629. Moreover, this case does not involve voluntarily submitted home address information that may assist in the collection of delinquent taxes, or aid in the communication of property conditions or tenant activity to an absent property owner. See, *Goppelt*, 841 A.2d at 606. Nor does this case involve the release of home address information of a property owner with regard to a county's board of tax revisions. See, *id*.

The specific information requested here, home addresses and dates-of-birth, are the personal information of the employees of Delaware County. By releasing the home addresses and dates-of-birth of its employees, Delaware County invites anywhere from a modest pestering to its employees while at home, all the way to identity theft or physical violence. Delaware County went beyond just stating as much, in its response to the request, as the county cited to extensive federal research establishing how the release of the home addresses and dates-of-birth of its employees, in this specific instance, exposes the employees to identity theft. See, Delaware County's "petition seeking judicial review of a final determination of the Pennsylvania office of open records," "exhibit 4" at 3. Applying a modicum of common sense to the analysis, it is abundantly clear that the release of the home addresses and dates-of-birth of the Delaware County employees in this instance "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to [the

employees] or the personal security of [the employees]." 65 P.S. § 67.708(b)(1)(ii). Therefore, balancing the personal security and privacy interests in nondisclosure against the benefits of public disclosure, whatever they may be, the scale tips heavily in favor of nondisclosure of the home addresses and dates-of-birth of the employees of Delaware County.[13]

## CONCLUSION

Delaware County properly disclosed the names, titles and salaries of its employees to Ms. Schaefer, as is the central intent of the RTKL to allow the citizens of Delaware County access into how taxpayer dollars are spent, to know how the county's government works, and let the citizens of Delaware County know what their government is up to.[14] See, *Buehl*, 955 A.2d at 493; see also, *Current Status, Inc.*, 778 A.2d at, 784; *Sapp Roofing Co., Inc.*, 713 A.2d at 629; *Federal Labor Relations Authority*, 510 U.S. at 497, 114 S.Ct. at 1013. However, this case establishes that the release of the home addresses and dates-of-birth of the Delaware County employees "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to [the employees] or the personal security of [the employees]." 65 P.S. § 67.708(b)(1)(ii).

---

13. In regard to the personal security exception to the RTKL, the Commonwealth Court previously noted, "The Supreme Court of Pennsylvania and [the Commonwealth] Court have consistently held that addresses and Social Security numbers *are not releasable due to the personal security exception in the Right-to-Know Law.*" *Buehl*, 955 A.2d at 492, fn. 9 (citations omitted) (emphasis added).

14. The OOR previously had the chance to aptly note that "The role of the OOR is to effectuate, not obfuscate, the intent of the legislature." *Carroll v. Harrisburg Area School District.*, OOR Dkt. No. AP 2009-0442 at 6. Clearly, the release of the home addresses and dates-of-birth of Delaware County employees in this instance does not effectuate the intent of the RTKL, as discussed herein.

When the interests of personal security and privacy are balanced against the interest in public disclosure of the county employees' home addresses and dates-of-birth, it is abundantly clear that the interest in personal security and privacy substantially outweighs any public interest in disclosure. Accordingly, the response of Delaware County to the request was just and proper, and this court's reversal of the final determination of the OOR was appropriate under the law. Therefore, this court's order of January 26, 2011 should be affirmed.