713 A.2d 627

SAPP ROOFING COMPANY, INC., Appellant,

v.

SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL UNION NO. 12, and North Hills School District and W. David Hall, as records custodian for North Hills School District, Appellees.

Supreme Court of Pennsylvania.

Argued Sept. 18, 1996.

Decided June 24, 1998.

John R. Orie, Jr., Pittsburgh, for Sapp Roofing Company, Inc.

Ernest B. Orsatti, Pittsburgh, for Sheet Metal Workers International Association.

Michael J. Witherel, Pittsburgh, for North Hills School District & W. David Hall.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, and NIGRO, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

CASTILLE, Justice.

The issue in this appeal is whether the Right to Know Act, 65 P.S. § 66.2, which provides that "[e]very public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania," gives a labor union the right of access to a private contractor's payroll records which are in the possession of a public agency for work performed pursuant to a contract with the public agency. The Court of Common Pleas of Allegheny County denied the request of appellant Sapp Roofing Company, Inc. ("Sapp Roofing") for an injunction enjoining appellee Sheet Metal Workers' International Association, Local Union, No. 12 ("union") from accessing Sapp Roofing's payroll records from a project for appellee North Hills School District ("school district"). The Commonwealth Court affirmed. For the reasons that follow, we affirm.

On July 8, 1993, the union sent a written request to the school district seeking copies of certified payroll records in the custody of the school district for contractual roofing work performed on three school district buildings by Sapp Roofing, a non-union roofing company. The three roofing jobs were public projects for which the school district received state funding. Sapp Roofing submitted the payroll records in question to the school district under the Prevailing Wage Act, 43 P.S. §§ 165–1, *et seq.*

Section 165–6 of the Prevailing Wage Act, 43 P.S. § 165–6, requires that:

Every contractor and subcontractor shall keep an accurate record showing the name, craft and the actual hourly wage paid to each workman employed by him in connection with public work, and such record shall be preserved for two years from date of payment. The record shall be open at all

reasonable hours for inspection of the public body awarding the contract and to the secretary.

The Prevailing Wage Act, 43 P.S. § 165-10, requires the agency to obtain certain records from the contractor prior to disbursing final payment on a contract:

> Before final payment is made by, or on behalf of any public body of any sum or sums due on public work, it shall be the duty of the treasurer of the public body or other officer or person charged with the custody and disbursement of the funds of the public body to require the contractor to file statements, in writing, in form satisfactory to the secretary, certifying to the amounts then due and owing from such contractor and subcontractor, filing such statement to any and all workmen for wages due on account of public work, setting forth therein the names of the persons whose wages are unpaid and the amount due to each respectively....

The records requested by the union in this case contain the names and addresses of Sapp Roofing's employees on the three roofing projects, their social security numbers, job positions, rates of pay and hours worked on the jobs. The union sought the records for the stated purpose of ensuring that Sapp Roofing complied with the Prevailing Wage Act, claiming that the records are public records under the Right to Know Act. The Right to Know Act, 65 P.S. § 66.1, defines a public record as:

> Any account, voucher or contract dealing with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property and any minute, order or decision by an agency fixing the personal or property rights, privileges, immunities, duties or obligations of any person or group of persons: Provided, that the term "public records" shall not mean any report, communication or other paper, the publication of which would disclose the institution, progress or result of an investigation undertaken by an agency in the performance of its official duties, except those reports filed by agencies pertaining to safety and health in industrial plants; it shall not include any record, document, material,

exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute law or order or decree of court, or which would operate to the prejudice or impairment of the person's reputation or personal security, or which would result in the loss by the Commonwealth or any of its political subdivisions or commissions or State or municipal authorities of Federal funds, excepting therefrom however any record of any conviction for any criminal act.

In *Community College of Philadelphia v. Brown,* 544 Pa. 31, 33, 674 A.2d 670, 671 (1996), this Court stated:

Generally, the Right to Know Act opens public records to examination and inspection by any citizen, excepting papers the publication of which would disclose the institution, progress or result of an official investigation. The intent of the act was to clarify the right of examination and inspection of public records by all citizens. *Wiley v. Woods,* 393 Pa. 341, 350, 141 A.2d 844, [849] (1958).

The Right to Know Act applies to "public records" of "public agencies."

*See also McMullan v. Wohlgemuth,* 453 Pa. 147, 158, 308 A.2d 888, 894 (1973) ("The 'Right–To–Know Act' gives 'any member of the Commonwealth' a statutory right of access to every 'public record' of a state agency.").

Pursuant to the Right to Know Act, to be available for inspection, the records must be both public records and records of a state agency. The union contends and the trial court and Commonwealth Court properly held that the requested records fit within the statutory definition of a public record because they are an account dealing with the disbursement of funds by an agency,[1] and further that they are the school district's records under the Prevailing Wage Act. We agree that the payroll records are public records because they are records evidencing a disbursement by the school district.

1. The parties stipulated that the school district is an agency under the Right to Know Act, 65 P.S. § 66.1.

In order to be records of an agency, the records must "constitute an essential component of an agency decision." *Tribune–Review Publishing Co. v. Allegheny Cty. Housing Authority,* 662 A.2d 677, 682 (Pa.Commw.1995), *alloc. denied,* 546 Pa. 688, 686 A.2d 1315 (1996) (citing *Consumer Education & Protective Ass'n v. Southeastern Pennsylvania Transp. Authority,* 125 Pa. Commw. 143, 557 A.2d 1123 (1989)). The regulations implementing the Prevailing Wage Act require the officer of the public body charged with custody of the public funds to ensure that all wages due to workmen by the contractor are paid, and if not, the officer must withhold the amount of unpaid wages from disbursements to the contractor. 34 Pa.Code § 9.110(b). Thus, the records submitted by Sapp Roofing are, indeed, an essential component of the school district's decision regarding whether and what amount to pay to Sapp Roofing. Therefore, the records in question are the school district's records for purposes of the Prevailing Wage Act.

The purpose of the Right to Know Act is to allow any individual or entity, be it a person or a union, access to public records to discover information about the workings of our government. However, the right of access to public records is tempered by the definition of a public record contained in the Act:

[I]t shall not include any record, document, material, exhibit, pleading, report, memorandum or other paper, access to or the publication of which is prohibited, restricted or forbidden by statute, law or order or decree of court, or which would operate **to the prejudice or impairment of the person's reputation or personal security** . . . (emphasis added).

65 P.S. § 66.1. Thus, a record that otherwise may be public in nature is not a public record if its disclosure would impair a person's personal security.

We must now decide whether the records requested by the union here would potentially impair the personal security of Sapp Roofing's employees and whether that potential impair-

ment outweighs the public interest in the dissemination of the records. The union argues that the payroll records at issue are vital to its efforts to ensure that the school district complied with the Prevailing Wage Act, and that there is a strong public interest in monitoring compliance with that act. Sapp Roofing, on the other hand, contends that the employees' privacy rights will be infringed by the dissemination of the documents containing employees' names, home addresses and other personal information. Pennsylvania recognizes the right to privacy in Article I, § 8 of the Pennsylvania Constitution, and this Court often invokes this right to privacy to give greater protection to our citizens than that found in the United States Constitution.

We believe that the union overestimates the public interest to be served by disclosure of these records. The disclosure of personal information (names, addresses, social security numbers, and phone numbers) reveals little, if anything, about the government's (in this case the school district's) compliance with the Prevailing Wage Act. Indeed, the union here does not explain how the disclosure of this personal information for the purpose of monitoring Prevailing Wage Act compliance overcomes the individual employees' strong privacy interests. Even if we agree with the union that the public has an interest in enforcing the prevailing wage laws through "monitoring," the requested information would not enhance enforcement of the Prevailing Wage Act by the government.

Therefore, after balancing this weak public interest in disclosure of the information and the unproven ability of the release of the requested information to assist in the enforcement of the prevailing wage laws against the individual's right to privacy and personal security, the Court concludes that the personal information is not releasable. Consequently, the only information that the union can access from the school district records is the wage information of Sapp Roofing's employees. Our decision here is in accord with recent interpretations of similar federal legislation reviewed by our federal courts. *See Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. United States Dep't of Veterans Affairs*, 135 F.3d 891 (3d

Cir.1998) (Department of Veteran Affairs could redact names, social security numbers and addresses of employees whose payroll records were sought in an effort to monitor compliance with federal prevailing wage laws); *Hopkins v. United States Dep't of Housing and Urban Dev.*, 929 F.2d 81, 87 (2d Cir.1991) ("individual private employees have a significant interest in avoiding disclosure of their names and addresses, particularly where, as here, the names and addresses would be coupled with personal financial information."); *Painting Industry of Hawaii Market Recovery Fund v. United States Dep't of Air Force*, 26 F.3d 1479 (1994)(the release of personal employee information implicates significant privacy interests).

Accordingly, the decision of the Commonwealth Court is affirmed.

NEWMAN, J., did not participate in the consideration or decision of this case.

ZAPPALA, J., files a concurring opinion.

NIGRO, J., concurs in the result.

CAPPY, J., files a dissenting opinion.

ZAPPALA, Justice, concurring.

I agree with the majority that the payroll records that were in the possession of the school district were "public records" for purposes of the "right to know" statute, Act of June 21, 1957, P.L. 390, §§ 1–4, 65 P.S. §§ 66.1–66.4. I write separately to note that nothing in the language of either the Prevailing Wage Act, Act of August 15, 1961, P.L. 987, § 1 et seq., as amended, 43 P.S. § 165–1 et seq., or the regulations implementing that Act, 34 Pa.Code § 9.101 et seq., appears to require that a contractor submit its payroll records to the public body.

Under the Act, contractors and subcontractors are required "to keep an accurate record showing the name, craft and the actual hourly wage paid to each workman employed by him in connection with public work.... The record shall be open at all reasonable hours to the inspection of the public body

awarding the contract and to the [S]ecretary [of Labor and Industry]." 43 P.S. § 165–6. The regulations provide that contractors and subcontractors "shall file a statement each week and a final statement at the conclusion of the work ... under oath, and in form satisfactory to the [S]ecretary [of Labor and Industry], certifying that all workmen have been paid wages in strict conformity with the provisions of the contract as prescribed by [§ 9.103 of the regulations], or if any wages remain unpaid to set forth the amount of wages due and owing to each workman respectively." Section 9.103 of the regulations, particularly subsection (8), mirrors the language of the Act, stating, "The contract shall provide that the contractor and subcontractors shall keep an accurate record showing the name, craft or classification, number of hours worked per day and the actual hourly rate of wage paid, including employee benefits, to each workman employed by him in connection with the public work.... The record shall be preserved for 2 years from the date of payment and shall be open at all reasonable hours to the inspection of the public body awarding the contract and to the Secretary or his authorized representatives."

The language of the Act and the regulations, it would seem, contemplate the contractor retaining its payroll records and making them available to specified parties. However the practice of having the contractor submit its payroll records to the public body may have developed in this or any other case, it does not appear to be required by the Prevailing Wage Act itself.

CAPPY, Justice, dissenting.

Because I do not agree that the records at issue in this matter are "public records" as defined in The Right to Know Act, 65 P.S. § 66.1, I respectfully dissent.

The Right to Know Act, in pertinent part, defines "public record" as: "[a]ny account, voucher or contract dealing with the receipt or disbursement of funds by an agency ..." 65 P.S. § 66.1. The records in question here are payroll records of a private contractor. Those records contain the names and

addresses of Appellant's workers who performed work on three roofing projects for the Northern Hills School District, their social security numbers, job position, rates of pay and the hours worked on the projects. As noted by the Majority, such payroll records are required to be kept by the contractor under the Prevailing Wage Act, 43 P.S. § 165–6. The Prevailing Wage Act at 43 P.S. § 165–10 further provides that before final payment may be made by or on behalf of a public body for work performed under a contract with that public body, the public body is to obtain statements from the contractor certifying to any unpaid wages due and owing from that contractor to its workers and naming the persons whose wages are unpaid together with the specific amounts due each such person. This particular section deals not with any actual disbursements of monies by the public agency or even a request for the public agency to disburse funds, but rather deals with the record keeping or compliance responsibilities of the public body and the contractor.

There is nothing in this section which would indicate that the required certifications equate to an "account, voucher or contract" evidencing a disbursement of funds by the public agency or that the filing of such certifications propels a disbursement by the public agency for such amounts so as to render the payroll records "public" and thus, obtainable under the Right to Know Act. Indeed, it more clearly addresses monies owed by the contractor and/or subcontractor to their workers and not amounts owed by the public agency. These payroll records constitute neither a record of any business dealings or transactions between Appellant and the School District; accordingly, they are neither a "voucher" nor an "account." And, they certainly do not evidence any "contract" between the School District and Appellant.

In short, I do not believe that the payroll records in question evidence any disbursements or agreements to disburse monies by the School District and that, therefore, it was error for the lower courts to permit the Union access to those records under the guise of The Right to Know Act.