981 A.2d 383 (2009)
The PENNSYLVANIA STATE EDUCATION ASSOCIATION, By Lynne WILSON, General Counsel, William McGill, F. Darlene Albaugh, Heather Kolanich, Wayne Davenport, Frederick Smith, Jamie McPoyle, Brianna Miller, Valerie Brown, Janet Layton, Korri Brown, Al Reitz, Lisa Lang, Brad Group and Randall Sovisky, Petitioners
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, OFFICE OF OPEN RECORDS, and Terry Mutchler, Executive Director of the Office of Open Records, Respondents.
No. 396 M.D. 2009.
Commonwealth Court of Pennsylvania.
Heard July 28, 2009.
Decided August 6, 2009.
Publication Ordered August 25, 2009.
*384 Thomas W. Scott and Katherine M. Voye, Harrisburg, for petitioners.
Corinna V. Wilson, Harrisburg, for respondents, Office of Open Records and Terry Mutchler.
OPINION BY Senior Judge FRIEDMAN.
The Pennsylvania State Education Association, By Lynne Wilson, General Counsel, William McGill, F. Darlene Albaugh, Heather Kolanich, Wayne Davenport, Frederick Smith, Jamie McPoyle, Brianna Miller, Valerie Brown, Janet Layton, Korri Brown, Al Reitz, Lisa Lang, Brad Group and Randall Sovisky (together, Employees) have filed an application for a preliminary *385 injunction (Application), seeking an order preliminarily enjoining the Commonwealth of Pennsylvania, Department of Community and Economic Development, Office of Open Records, and Terry Mutchler, Executive Director of the Office of Open Records, (together, Commonwealth) from disclosing their home addresses pursuant to the act known as the Right-to-Know Law (Law).[1] We grant the Application.
In order to establish grounds for a preliminary injunction, the moving party must prove that: (1) the injunction is necessary to prevent immediate and irreparable harm, which cannot be compensated by damages; (2) greater injury would result by refusing it than by granting it; (3) an injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) the plaintiff's right to relief is clear. Lewis v. City of Harrisburg, 158 Pa.Cmwlth. 318, 631 A.2d 807 (1993). For a preliminary injunction to issue, the petitioner must establish every one of these prerequisites. Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc., 573 Pa. 637, 828 A.2d 995 (2003). We begin by examining whether Employees have a clear right to relief.

I. Clear Right to Relief
Section 701 of the Law provides that, "unless otherwise provided by law," a public record shall be accessible for inspection and duplication in accordance with the Law. 65 P.S. § 67.701. A "public record" is a "record" that is not exempt under section 708 of the Law, 65 P.S. § 67.708. Under section 708(b)(6)(i) of the Law, the following personal information is exempt:
(A) A record containing all or part of a person's Social Security number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number.
(B) A spouse's name, marital status or beneficiary or dependent information.
(C) The home address of a law enforcement officer or judge.
65 P.S. § 67.708(b)(6)(i). In addition, under section 708(b)(1)(ii) of the Law, a record is exempt if its disclosure "would be reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual." 65 P.S. § 67.708(b)(1)(ii). Thus, section 708 of the Law does not specifically exempt the home addresses of public school employees, like Employees here, from public disclosure.
However, an independent constitutional right of privacy arises under Article I, Sections 1 and 8 of the Pennsylvania Constitution. This constitutionally protected right to privacy includes protection against disclosure of personal matters in which a person has a legitimate expectation of privacy. In re T.R., 557 Pa. 99, 731 A.2d 1276 (1999); Denoncourt v. Commonwealth State Ethics Commission, 504 Pa. 191, 470 A.2d 945 (1983). A person has a constitutionally-protected expectation of privacy in cases where: (1) the person has exhibited an actual (subjective) expectation of privacy; and (2) society is prepared to recognize the expectation of privacy as reasonable. Commonwealth v. Duncan, 572 Pa. 438, 817 A.2d 455 (2003); Commonwealth v. Rekasie, 566 Pa. 85, 778 A.2d 624 (2001). Although a person may have a legitimate expectation of privacy in a personal matter, the constitutional protection *386 afforded the personal matter is not unqualified; privacy claims must be balanced against state interests. In re T.R.; Denoncourt.
In that regard, "[i]t is ... generally accepted that a person has a privacy interest in his or her home address." Hartman v. Department of Conservation and Natural Resources, 892 A.2d 897, 905 (Pa.Cmwlth.2006). This court has held that the benefits of public disclosure of home addresses are outweighed by an individual's privacy interest in his or her address. See Times Publishing Company, Inc. v. Michel, 159 Pa.Cmwlth. 398, 633 A.2d 1233 (1993) (relating to law enforcement officers and judges); Cypress Media, Inc. v. Hazleton Area School District, 708 A.2d 866 (Pa.Cmwlth.1998) (relating to prospective teachers); Rowland v. Public School Employees' Retirement System, 885 A.2d 621 (Pa.Cmwlth.2005) (relating to annuitants); and Hartman (relating to registered snowmobile owners).
Our supreme court also has held that the benefits of public disclosure of home addresses are outweighed by the privacy interest in those addresses. See Sapp Roofing Company, Inc. v. Sheet Metal Workers' International Association, Local Union No. 12, 552 Pa. 105, 713 A.2d 627 (1998) (relating to contractor employees). Our supreme court has explained that the disclosure of personal information, such as home addresses, reveals little, if anything, about the workings of government. Id.
Here, Employees presented testimony establishing a privacy interest in their home addresses, whereas the Commonwealth presented no evidence regarding its interest in disclosing Employees' addresses to the public. Thus, we conclude that Employees' privacy interest outweighs the Commonwealth's interest. We further conclude that Employees have established a clear right to relief.

II. Other Elements
Based on the evidence presented, we find that public disclosure of Employees' home addresses would constitute immediate and irreparable harm to Employees' right to privacy. Because of that harm, we also find that greater injury would result from refusing the request for a preliminary injunction than from granting it. We further find that a preliminary injunction will restore the parties to the status quo, i.e., before any further disclosure of their home addresses. Finally, we find that a preliminary injunction is reasonably suited to abate the disclosure of Employees' home addresses.
Accordingly, we grant the Application.
NOTES
[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.1304.