Nikles Realty, Inc. and Ed Nikles Custom Builder, Inc. and Pike County Builders Association
v.
Conashaugh Lakes Community Association
Appeal of: Nikles Realty, Inc. and Ed Nikles Custom Builder, Inc.
No. 1750 C.D. 2009.
Commonwealth Court of Pennsylvania.
Argued: March 15, 2010.
Filed: May 19, 2010.
BEFORE: JUBELIRER, Judge; McCULLOUGH, Judge; FLAHERTY, Senior Judge.

OPINION NOT REPORTED
MEMORANDUM OPINION BY JUDGE McCULLOUGH
Nikles Realty, Inc., and Ed Nikles Custom Builder, Inc., (together, Plaintiffs) appeal from the March 13, 2009, order of the Court of Common Pleas of Pike County (trial court) denying their motion for post-trial relief following the trial court's denial of their request for permanent injunctive relief. We affirm.
Plaintiff Nikles Realty, Inc., owns several lots in a planned community in Pike County known as Conashaugh Lakes. By virtue of its ownership of the lots, Plaintiff Nikles Realty, Inc., is a member of the Conashaugh Lakes Community Association (Association) and is expressly granted easements for use of the roads within the community. Plaintiff Ed Nikles Custom Builder, Inc., is a builder of single-family residences throughout Pike County, including five within the Conashaugh Lakes community. Since 1987, the Association has restricted the entrance of construction vehicles weighing in excess of 10,000 pounds into the community during what is referred to as the "spring thaw" period. (R.R. at 459a.)
On March 8, 2006, Plaintiffs filed a complaint with the trial court seeking permanent injunctive relief with respect to this spring thaw ban. At the same time, Plaintiffs filed a petition for a preliminary injunction. When the Association subsequently discontinued the 2006 spring thaw ban, Plaintiffs withdrew their petition and the case proceeded on Plaintiffs' complaint for permanent injunctive relief. Following numerous pleadings by the parties, on December 14, 2006, Plaintiffs filed a new petition seeking a preliminary injunction as well as a temporary restraining order in anticipation of a 2007 spring thaw ban.
Plaintiffs alleged that the 10,000 pound ban violated the express language of section 5218 of the Uniform Planned Community Act (Act), 68 Pa. C.S. §5218, which provides an association with the power during spring thaw conditions to restrict road usage by vehicles of more than ten tons, or 20,000 pounds, gross weight.[1] Plaintiffs also asserted that the ban interfered with their easement through the common elements provided by section 5218 for the purpose of construction, repair and renovation of an owner's unit. Plaintiffs further claimed that the ban caused delays in construction, loss of work, and additional costs that could not be calculated with any degree of certainty.
The Association filed an answer with new matter. The Association alleged that the ban was necessary to protect the roads within the development. The Association further asserted that, under the retroactivity provisions of section 5102(b) of the Act, section 5218 of the Act applies only with respect to events and circumstances occurring after the effective date of this subpart and does not invalidate specific provisions contained in existing provisions of the declaration, bylaws or plats and plans of those planned communities. 68 Pa. C.S. §5102(b). The Association indicates that it was in existence prior to the passage of the Act, that owners within the development are required to pay an annual fee for the repair or maintenance of roads, that the bylaws require members to comply with its rules and regulations, and that the 10,000 pound spring thaw ban has been in effect since at least 1995.
The trial court denied Plaintiffs' request for a temporary restraining order and proceeded with hearings regarding the preliminary injunction. At these hearings, the trial court granted the intervention request of Pike County Builders Association (Intervenor). Following the presentation of numerous witnesses and exhibits, the trial court issued an opinion and order dated July 16, 2007, denying Plaintiffs' request for a preliminary injunction. The trial court first found that pursuant to section 5102(b), section 5218 is not applicable because "[t]he 10,000 pound limit was clearly in place before the effective date of the [Act]." (Trial court op. at 8.) The trial court rejected Plaintiffs' argument that each spring thaw ban constitutes a separate event.
The trial court also determined that the 20,000 pound limitation in section 5218 of the Act does not invalidate the pre-existing 10,000 pound limitation set by the Association. The trial court noted that the 10,000 pound limitation was included in the Association's rules and regulations since 1995. Pursuant to the retroactivity provisions of section 5102(b) of the Act, 68 Pa. C.S. §5102(b), section 5218 of the Act applies only with respect to events and circumstances occurring after the effective date of this subpart and does not invalidate specific provisions contained in existing provisions of the declaration, bylaws or plats and plans of those planned communities.[2] The trial court concluded that while the 10,000 pound limitation was not specifically set forth in the Association's declaration, bylaws, or plats and plans, the requirement in the bylaws that all Association members are obliged to comply with the rules and regulations specifically incorporates the 10,000 pound spring thaw ban and, hence, trumps the requirements of section 5218.
The case proceeded with respect to Plaintiffs' pending complaint seeking permanent injunctive relief. However, upon completion of discovery, the parties agreed that there was no additional evidence to be presented, that the July 16, 2007, opinion and order disposed of all outstanding factual and legal issues with respect to the pending complaint, and that the July 16, 2007, order should be considered a final order. Plaintiffs then filed a motion with the trial court to enter this order as a final order, and the trial court did so by order dated February 27, 2009. Plaintiffs and Intervenor filed respective motions for post-trial relief, but the same were denied. Plaintiffs then filed a notice of appeal with the trial court.[3] On May 14, 2009, the trial court issued an opinion in support of its order essentially reiterating the conclusions set forth in its July 16, 2007, decision.
On appeal to this Court,[4] Plaintiffs first argue that the annual imposition of a spring thaw ban constitutes an event or circumstance occurring after February 2, 1997, the effective date of the Act, thereby giving rise to the retroactive application of section 5218 of the Act.[5] Plaintiffs rely on our decision in Lake Naomi Club, Inc. v. Monroe County Board of Assessment Appeals, 782 A.2d 1121 (Pa. Cmwlth. 2001), appeal denied, 568 Pa. 638, 793 A.2d 911 (2002), as support for this argument. In that case, Lake Naomi Club, Inc., had challenged the assessment and tax of common and controlled facilities for the year 2000. The issue before the trial court was whether section 5105(b)(1) of the Act, 68 Pa. C.S. §5105(b)(1), which precludes a separate assessed value and tax on such facilities, should be applied retroactively. The trial court reversed the assessment and tax, holding that the Monroe County Board of Assessment Appeals must comply with section 5105(b)(1).
On appeal, following an analysis of the retroactivity provisions of section 5102 of the Act, this Court agreed. We concluded that the language of section 5102 was unambiguous, that the relevant events, namely the assessment and the imposition of tax, took place subsequent to the effective date of the Act, and that each annual assessment and imposition of tax constituted a separate event.
As noted by the trial court in the present case, each annual assessment in Lake Naomi constituted a separate, affirmative act requiring the Monroe County taxing authority to evaluate a variety of factors each year, thereby rendering each annual assessment subject to fluctuation. In contrast, the 10,000 pound spring thaw ban at issue here has been in effect for twenty years and has remained static since its inception, which Plaintiffs concede was prior to the effective date of the Act.[6]
Plaintiffs also argue that the 10,000 pound limitation does not preempt section 5218 of the Act because there is no declaration, bylaw, plat or plan authorizing such a limitation enacted prior to the effective date of the Act. However, the record reflects that the 10,000 pound limitation is contained in the Association's rules and regulations and that these rules and regulations were specifically incorporated into the Association's bylaws. (R.R. at 450a.) Section 2.3(a) of the Association's 1996 bylaws pre-dates the effective date of the Act and contains an express provision requiring that all members "comply at all times with the rules and regulations of the Association ... and to be responsible for the like compliance by all their family members, guests, tenants and invitees." (R.R. at 450a.) In other words, the bylaws incorporate the 10,000 pound spring thaw restriction.
Next, Plaintiffs argue that the Association's ban applicable only to construction-related vehicles is arbitrary and unreasonable. We disagree. Plaintiffs correctly note that the Association allows other vehicles, such as garbage trucks, plow trucks, and oil and gas delivery trucks, all of which weigh in excess of 10,000 pounds, into the development during the spring thaw; however, these vehicles provide services to the Association's members that are essential and cannot reasonably be put on hold.
Finally, Plaintiffs allege that they established a right to both preliminary and permanent injunctive relief. Once more, we disagree.
A plaintiff seeking a preliminary injunction must establish that: the injunction is necessary to prevent immediate and irreparable harm; the harm could not be adequately compensated by damages; a greater injury would result in denying the injunction than by granting it; the grant of the injunction would return the parties to the status quo; and the plaintiff's right to relief is clear. Pennsylvania State Education Association v. Department of Community and Economic Development, 981 A.2d 383 (Pa. Cmwlth. 2009). For a preliminary injunction to issue, a plaintiff must establish every one of these elements. Id. Similarly, to prevail on a claim for a permanent injunction, a plaintiff must establish a clear right to relief, that there is an urgent necessity to avoid an injury which cannot be compensated for by damages, and that greater injury will result from refusing rather than granting the relief requested. Big Bass Lake Community Association v. Warren, 950 A.2d 1137 (Pa. Cmwlth. 2008).
To prevail on either claim, a plaintiff must establish a clear right to relief. Because we conclude that the Association's 10,000 pound limitation remains valid and preempts section 5218 of the Act, Plaintiffs have not satisfied this burden; therefore, we need not address the remaining elements Plaintiffs were required to establish in order to be entitled to preliminary and/or permanent injunctive relief.
Accordingly, the order of the trial court is affirmed.

ORDER
AND NOW, this 19th day of May, 2010, the order of the Court of Common Pleas of Pike County, dated March 13, 2009, is hereby affirmed.
NOTES
[1] Section 5218 of the Act provides, in pertinent part, as follows:

Subject to the provisions of the declaration, a declarant has an easement through the common elements as may be reasonably necessary for the purpose of discharging a declarant's obligations or exercising special declarant rights. In addition, without affecting the rights, if any, of each unit owner with respect to the use and enjoyment of the common elements, subject to the provisions of the declaration, each unit owner and its agents, contractors and invitees shall have a nonexclusive access easement through the common elements as may be reasonably necessary for the purpose of construction, repair and renovation of the owner's unit. An association shall have the power during spring thaw conditions to restrict road usage by vehicles of more than ten tons gross weight....
68 Pa. C.S. §5218.
[2] Section 5102(b) of the Act provides as follows:

Except as provided in subsection (c), sections 5105, 5106, 5107, 5203 (relating to construction and validity of declaration and bylaws), 5204 (relating to description of units), 5218, 5219 (relating to amendment of declaration), 5223 (relating to merger orconsolidation of planned community), 5302(a)(1) through (6) and (11) through (15) (relating to power of unit owners' association), 5311 (relating to tort and contract liability), 5315 (relating to lien for assessments), 5316 (relating to association records), 5407 (relating to resales of units) and 5412 (relating to effect of violations on rights of action) and section 5103 (relating to definitions), to the extent necessary in construing any of those sections, apply to all planned communities created in this Commonwealth before the effective date of this subpart; but those sections apply only with respect to events and circumstances occurring after the effective date of this subpart and do not invalidate specific provisions contained in existing provisions of the declaration, bylaws or plats and plans of those planned communities.
68 Pa. C.S. §5102(b).
[3] Plaintiffs originally appealed to our Superior Court, which transferred the matter to this Court by order dated June 9, 2009.
[4] Our scope of review of a denial of a preliminary injunction is limited to determining whether there were any apparently reasonable grounds in the record to justify the trial court's decision. Neal v. Neumann Medical Center, 667 A.2d 479 (Pa. Cmwlth. 1995), appeal denied, 548 Pa. 640, 694 A.2d 624 (1996). This Court will not interfere with the trial court's decision unless no grounds exist to support the denial, a rule of law relied upon by the trial court was palpably misapplied, or the trial court plainly abused its discretion. Id.

Our scope of review of the grant or denial of a permanent injunction is limited to determining whether the trial court erred as a matter of law. Buffalo Township v. Jones, 571 Pa. 637, 644, 813 A.2d 659, 664 n.4 (2002), cert. denied, 540 U.S. 821 (2003). In making this determination, we must consider the trial court's finding as to whether or not the party seeking the injunction established a clear right to relief as a matter of law. Id.
[5] Plaintiffs raise seven separate issues in their brief to this Court. However, because these issues raise substantially similar arguments, we have consolidated the same for purposes of this Court's review.
[6] We note that Plaintiffs raise an alternative argument that the Association has triggered the retroactivity provision of section 5102 of the Act by revising its rules and regulations in 2001 to recognize only an eight-week spring thaw ban and by modifying its builder's fee in 2005. However, we disagree because the Association has never revised or modified the 10,000 pound limitation.