[J-44A-2016 and J-44B-2016] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| THE PENNSYLVANIA STATE EDUCATION ASSOCIATION, BY LYNNE WILSON, GENERAL COUNSEL, WILLIAM MCGILL, F. DARLENE ALBAUGH, HEATHER KOLANICH, WAYNE DAVENPORT, FREDERICK SMITH, JAMIE MCPOYLE, BRIANNA MILLER, VALERIE BROWN, JANET LAYTON, KORRI BROWN, AL REITZ, LISA LANG, BRAD GROUP AND RANDALL SOVISKY, | : : : : : : : : : : : : | No. 11 MAP 2015 Appeal from the Order of the Commonwealth Court at No. 396 MD 2009 dated February 17, 2015. ARGUED: April 5, 2016 |
| Appellants | : : : : : | |
| v. | : : : : : | |
| COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, OFFICE OF OPEN RECORDS, AND ERIK ARNESON, EXECUTIVE DIRECTOR OF THE OFFICE OF OPEN RECORDS, | : : : : : : : : | |
| Appellees | : : | |
| PENNSYLVANIA ASSOCIATION OF SCHOOL RETIREES, URENEUS V. KIRKWOOD, JOHN B. NYE, STEPHEN M. VAK, AND RICHARD ROWLAND AND SIMON CAMPBELL, | : : : : : : : | |
| Intervenors | : : | |
| THE PENNSYLVANIA STATE EDUCATION ASSOCIATION, BY LYNNE WILSON, GENERAL COUNSEL, WILLIAM MCGILL, F. DARLENE ALBAUGH, HEATHER KOLANICH, WAYNE DAVENPORT, FREDERICK | : : : : : : : | No. 22 MAP 2015 Appeal from the Order of the Commonwealth Court at No. 396 MD 2009 dated February 17, 2015. |

SMITH, JAMIE MCPOYLE, BRIANNA MILLER, VALERIE BROWN, JANET LAYTON, KORRI BROWN, AL REITZ, LISA LANG, BRAD GROUP AND RANDALL SOVISKY

: ARGUED: April 5, 2016
:
:
:
:
:
:
:
:
:

v.

:
:
:

COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF COMMUNITY AND ECONOMIC DEVELOPMENT, OFFICE OF OPEN RECORDS, AND ERIK ARNESON, EXECUTIVE DIRECTOR OF THE OFFICE OF OPEN RECORDS

:
:
:
:
:
:
:
:

PENNSYLVANIA ASSOCIATION OF SCHOOL RETIREES, URENEUS V. KIRKWOOD, JOHN B. NYE, STEPHEN M. VAK, AND RICHARD ROWLAND AND SIMON CAMPBELL,

:
:
:
:
:
:
:

Intervenors

:
:

CROSS APPEAL OF: OFFICE OF OPEN RECORDS, AND ERIK ARNESON, EXECUTIVE DIRECTOR OF THE OFFICE OF OPEN RECORDS

:
:
:
:
:
:
:

## CONCURRING OPINION

**JUSTICE WECHT**                    **DECIDED: October 18, 2016**

The question in this case is not one of statutory interpretation.  It is one of constitutional right.  The privacy protection for home addresses is unaffected by the

General Assembly's adoption of the Right to Know Law ("RTKL")[1] in place of the Right to Know Act ("RTKA").[2]

Putting aside all other questions, the first and dispositive issue in this case is whether there is in fact a constitutional right to privacy in Pennsylvania outside of the search and seizure context addressed in Article 1, Section 8. As the learned majority demonstrates, such protection clearly does exist. It is contained in Article 1, Section 1 of the Pennsylvania Constitution, which safeguards certain "inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing [citizens'] own happiness." Pa. Const. art 1, § 1.

No "statutory locus," see Maj. Op. at 21, is required in order for this constitutional protection to retain vitality and earn protection from this Court. It is not necessary or appropriate for courts to parse whether constitutionally protected information falls within or without the "personal security" exception of the statute. Notwithstanding its analysis of the RTKA and the RTKL, the majority astutely stresses that "constitutionally protected privacy interests must be respected even if no provision of the RTKL speaks to protection of those interests." Id. at 26. Were we simply interpreting the language of the RTKL as distinct from that of the RTKA, the Office of Open Record ("OOR")'s statutory interpretation argument would be plausible. However, although the General Assembly may by statute elect to provide greater protections than those ensured by our Constitution, no legislation may diminish those protections.

---

[1] 65 P.S. §§ 67.101-67.3104.

[2] 65 P.S. §§ 66.1-66.4 (repealed, effective January 1, 2009).

The majority rejects the OOR's contention that a decision protecting the home addresses of teachers renders superfluous the statutory protection for home addresses of judges, law enforcement officers and minors. See Maj. Op. at 27, n.8. The majority explains that, instead, the statutory provisions demonstrate that the General Assembly "has, in essence, already performed a balancing test for those categories." Id. I would not go as far as the majority in attempting to harmonize the legislature's actions in this regard with the constitutional text and spirit. While it is of course the province of the legislative branch to balance the full panoply of policy and political considerations, it is not for the legislature to adjudicate constitutional rights, nor balance those rights one against the other. The OOR's contention that our decision renders the statutory language superfluous should receive a candid response from us: it does indeed. We need not account or answer for the General Assembly's failure to recognize that the home addresses of teachers and indeed all citizens are presumptively entitled to privacy protection under our Constitution.

We have recognized that the personal right to privacy emanating from Article I, Section 1 protects one's home address or other personal information from being disclosed by state actors unless the public interest in the dissemination of that information outweighs the potential invasion of any privacy interest. See Tribune-Review Publishing Co. v. Bodack, 961 A.2d 110, 115 (Pa. 2008); Pennsylvania State Univ. v. State Employees' Retirement Bd., 935 A.2d 530, 538 (Pa. 2007); Sapp Roofing Co. v. Sheet Metal Workers' Int'l Assoc., Local Union No. 12, 713 A.2d 627, 629 (Pa. 1998). Home addresses may be released only if the public interest in disclosure outweighs the right to privacy that is being invaded. It is of no constitutional moment that the appellant association here happens to represent public school teachers, as opposed to police officers, sanitation workers, firefighters, or any other particular

category of public employee.  I can surmise few circumstances short of employee fraud or criminality in which the public interest in disclosure of any public employee's home address by his or her public employer will outweigh the employee's privacy interest in nondisclosure.

The majority dismisses Commonwealth v. Duncan, 817 A.2d 455 (Pa. 2003), as "irrelevant", inasmuch as that case implicated Article 1, Section 8 of the Pennsylvania Constitution (dealing with search and seizure),  rather than Article 1, Section 1 (dealing with inherent rights).  See Maj. Op. at 28-29.  I too recognize the important distinction between the privacy protections afforded by these discrete constitutional provisions. However, I would not have passed up the opportunity to distance ourselves from Duncan's overbroad proclamation that "in this day and age where people routinely disclose their names and addresses to all manner of public and private entities," individuals lack a reasonable expectation of privacy in such information.  See Duncan, 817 A.2d at 466.  In light of the majority's well-reasoned analysis today, it seems quite clear that the above-quoted language from Duncan is not faithful to our Constitution and precedents, at least within the context of Article 1, Section 1.

As the United States Supreme Court has observed, it may well be true that home addresses are publicly available through easily accessible sources.  See Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749 (1989).  However, "[a]n individual's interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form."  Dep't of Defense v. Federal Labor Relations Auth., 510 U.S. 487, 500 (1994).  Although individuals voluntarily may reveal their home addresses in a variety of contexts, i.e., obtaining various licenses, going to court, or owning property, this voluntary disclosure is legally distinct from and irrelevant to the question of whether

a public employer must produce its employees' home addresses upon demand. Nor is it relevant as a matter of constitutional law that home addresses are available in the public domain and accessible through internet searches or particular websites. That such information may be uncovered by private citizens through industry or skullduggery does not mean that government must employ public resources to assist in that activity.

In all other respects, I join the majority's opinion.