DISSENTING.OPINION BY JUDGE WOJCIK Respectfully, I dissent. The Majority’s analysis is at odds with the Supreme Court’s clear holding in The Pennsylvania State Education Association v. Department of Community and Economic Development, 148 A.3d 142 (Pa. 2016) (PSEA III), a holding that this Court has previously construed quite differently, Pennsylvanians for Union Reform (Requester) submitted a Right-to-Know Law[1] (RTKL) request to the Butler:Area School District (District). Relevant here, the request sought an unredacted copy of the property tax assessment list.[2] The District denied that request, citing the preliminary injunction issued by former Senior Judge Rochelle Friedman in Pennsylvania State Education Association ex rel. Wilson v. Commonwealth, Office of Open Records, 981 A.2d 383 (Pa. Cmwlth. 2009), aff'd, 606 Pa. 638, 2 A.3d 668 (2010).[3] The Office of Open Records (OOR) upheld the District’s. denial of the addresses and directed the District to redact public school employees’ home addresses from the list. The trial court vacated the redaction order and per mitted the District to withhold the entire property list. Thereafter, our Supreme Court issued its decision in PSEA III. On appeal to this Court, Requester argues that the holding in PSEA III does -not compel withholding of the property list. Reversing this Court’s en banc decision, in PSEA III our Supreme Court held that, in the context of a RTKL case, Article 1, Section 1 of the Pennsylvania Constitution confers on citizens a right to informational privacy. 148 A.3d at 150-51, 156-58. The issue before the court was whether school districts must disclose the home addresses of public school employees. Recently, in Department of Human Services v. Pennsylvanians for Union Reform, Inc., 154 A.3d 431 (Pa. Cmwlth. 2017), our Court interpreted PSEA III as requiring OOR to undertake a balancing test before releasing an individual’s home address in the context of a RTKL request. In that case, the Department of Human Services (DHS) appealed a final determination of the OOR that granted the appeal of Pennsylvanians for Union Reform (PFUR) and directed DHS to provide PFUR records containing the addresses of all direct care workers (DCWs). This Court affirmed the OOR’s determination that the list of home addresses of direct care workers is not exempt information under Section 708(b)(28) of the RTKL, 65 P.S. § 67.7Ó8(b)(28). Nevertheless, in accord with our Supreme Court’s decision in PSEA III, we vacated the OOR’s final determination ordering DHS to provide the home addresses of direct care workers to PFUR, and we remanded the matter to the OOR. In doing so, we reasoned as follows: In [PSEA III], the Supreme Court, reversing an en banc decision of this Court, held that Pennsylvanians enjoy a constitutionally-protected right of privacy in their home addresses. Under PSEA III, before releasing a home address that does not fall within an express exemption under the RTKL, the OOR must balance the individual’s right to privacy in his or her home address against the public benefit in the dissemination of that information. The OOR may only order disclosure where the public benefit outweighs the individual privacy interest. PSEA III, 148 A.3d at 156-58. In-light of PSEA III, the Court is constrained to vacate the portion of the Final Determination that ordered DHS to provide PFUR the home addresses of all DCWs and remand the matter to the OOR to perform the balancing test required under PSEA III. The right to informational privacy in one’s home address is grounded in, inter alia, Article 1, section 1 of the Pennsylvania Constitution. Id. at 150-51. It is a right that belongs to each Pennsylvanian, that exists independent of the exemptions found in the RTKL, and that each agency must consider before disclosing personal information that falls within the scope of the right. In an ideal situation, we- would rely on those who claim the right to assert it timely. Because of the lack of meaningful procedural due process protections afforded to those whose private information is sought through the RTKL,n that obligation must fall on the agencies that hold this information and have the wherewithal, in the context of the RTKL, to protect it from disclosure. Department of Human Services v. Pennsylvanians for Union Reform, Inc., 154 A.3d at 437 (emphasis added) (footnote omitted). Applying the holding in PSEA III consistently, we employed the same reasoning and reached a similar conclusion in State Employees’ Retirement System v. Campbell, 155 A.3d 1153 (Pa. Cmwlth. 2017) (SERS v. Campbell). In that case, the requester filed a RTKL request with the State Employee Retirement System (SERS) reqüesting, inter alia, a copy of the names and address of all, retired SERS members whose home addresses are listed with SERS as being in France, Germany, Italy, Spain, the UK, Belgium, Sweden, or the Netherlands. SERS denied access to the home addresses, citing the pending appeal in 'PSEA III. On appeal, the OOR granted access to all of the home addresses sought ’ under the request. After the OOR denied reconsideration, SERS appealed to this Court. We concluded that the matter must be remanded to the OOR to perform the balancing test required by PSEA III. Relevant here, we quoted from the Supreme Court’s decision as follows: “[N]othing in the RTKL suggests it was ever intended to be used as a tool to procure personal information about private citizens or, in the worst sense, to be a generator of mailing lists. Public agencies are not clearinghouses of ‘bulk’ personal information otherwise protected by constitutional privacy rights. While the goal of the legislature to make more, rather than less, information available to public scrutiny is laudable, the constitutional rights of the citizens of this Commonwealth to be left alone remains a significant countervailing force.” SERS v. Campbell, 155 A.3d at 1155-56 (quoting PSEA III, 148 A.3d at 158). As reflected by the above-quoted language, the mere fact that requested information, including home addresses, may be obtained from other sources is of no consequence in a RTKL analysis.' Indeed, Requester’s request form identifies multiple sources from which home addresses are discoverable through searches of on-line databases by owner name. R.R. at 6a-7a. As the Supreme Court emphasized in PSEA III, that fact does not supersede an individual’s constitutional right to be left alone for purposes of requests for information under the RTKL. 148 A.3d at 158. The Majority characterizes PSEA III as holding that public school employees enjoy a right to privacy in their home addresses. Majority op. at 1181. Although the addresses of public school employees were at issue in PSEA III, the Supreme Court did not limit its holding to either the type of individuals or-the type of information at issue, but pointedly and repeatedly referred to “the rights to informational privacy granted to our citizens,” 148 A.3d at 156 (emphasis added). “This court, through its decisions in Sapp Roofing,[4] Penn State,[5] and Bodack,[6] has developed a body of ease law requiring governmental agencies to respect the constitutional privacy rights of citizens when disseminating requested information. In such’ circumstances, a balancing test is required before the disclosure of any personal information.” 148 A.3d at 156 (emphasis added). Requiring governmental agencies to be mindful of citizens’ constitutional privacy rights implicitly acknowledges the significant distinction between the collection of personal information by privaté entities and governmental agencies. Citizens often volunteer personal information such as home addresses, telephone numbers, -and email addresses to private entities in exchange for privileges such as a credit card or a loyalty program, acknowledging that such information will be shared. In contrast to this voluntary conduct, the information gáthered by governmental bodies, such as found in school, earned income tax, and property tax records, is required to be supplied to the government in exchange for the privileges of "education, employment, and home ownership. Further, to say that all addresses on the property list may not be home addresses is to acknowledge that the remaining addresses indeed are home addresses. As the court in PSEA III unequivocally held, the discrete issue presented by a RTKL request for home addresses is whether the constitutional right to privacy in one’s home address is outweighed by a public benefit or interest in disclosure.[7] Again, to resolve that issue, a balancing test must be applied. PSEA III I believe that the Majority’s reliance on the Consolidated County Assessment Law[8] as authority to disclose the property list misses the mark. Where information qualifies as a public record under the RTKL, statutory authority for disclosure already exists. However, the existence of such authority does not complete our analysis, because “Pennsylvania courts are obliged to construe statutory enactments as consistent with the Pennsylvania Constitution.” PSEA III, 148 A.3d at 156; Harrington v. Department of Transportation, 563 Pa. 565, 763 A.2d 386, 393 (2000). As interpreted by our Supreme Court in PSEA III, the Pennsylvania Constitution requires a balancing test be employed before a citizen’s. home address can be supplied in response to a RTKL request, regardless of whether the information may be available from another source, public or private. The Majority relies on Goppelt v. City of Philadelphia Revenue Department, 841 A.2d 599 (Pa. Cmwlth. 2004), as employing the same analysis adopted in PSEA 111. Respectfully, no decision prior to PSEA III has so clearly and unequivocally recognized a right to informational privacy afforded to citizens of this Commonwealth under Article 1, Section 1 of the Pennsylvania Constitution. Moreover, in Goppelt the court did undertake the balancing test the Majority foregoes in this instance. And whether the court would reach the same result now is not a certainty. The Majority’s conclusion that “the Property list does not qualify as sufficiently personal in nature to trigger a balancing test” cannot be reconciled with our Supreme Court’s holding in PSEA III. Additionally, the Majority’s reasoning departs from our analysis in Department of Human Services v. Pennsylvanians for Union Reform, Inc., SERS v. Campbell, and Times Publishing Company, Inc. v. Michel, 159 Pa.Cmwlth. 398, 633 A.2d 1233, 1237-39 (1993) (recognizing a right to privacy under the Pennsylvania Constitution and cited with approval in PSEA III). The request in this case indisputably seeks home addresses, and, consequently, requires the balancing of individuals’ rights to informational privacy against the public interest favoring disclosure. PSEA III. Accordingly, consistent with our decisions in Department of Human Services v. Pennsylvanians for Union Reform, Inc. and SERS v. Campbell, I would remand this matter to the. OOR for further consideration consistent with the Supreme Court’s analysis and holding in PSEA III. . Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104. . The request defined "property tax assessment list" to mean a list of property assessment information sent by the county to the school district "showing at a minimum each property owner’s name and address for properties within the geographic confines■ of the school district.” Reproduced Record (R,R.) at 5a (emphasis in original). In its entirety, the request, R.R. at 5a-6a,. sought the following information: Request # 1 ;■ The home addresses of all unionized employees of the school district in the possession of the Union representative/s that contracted to provide the services of those employees' to the school district. See [Section 506(d)(3) of the RTKL,] 65 P.S. § 67.506(d)(3). Request # 2: Extracted from the school district’s computerized payroll or human resources systems: the full names and positions of all employees currently employed by the school district. Request # 3: Extracted from the school district's computerized payroll or human resources systems: the home address of the Superintendent. Request # 4: The most recently received property tax assessment list/s in the possession of the school district (see definition). Request #5: A list of the names and residency addresses of all persons required to pay a local earned income tax under Act 32 of 2008 (The Local Tax Enabling Act) [Act of December 31, 1965, P.L. 1257,-as amended, 53 P.S, §§ 6901-6924] to financially support the school district. In whatever form it exists: Request # 6: Evidence in the possession of a) the school district, and b) every employee of the school district ... showing that the release of the home address of each affe'cted public school employee of the school district in response to the RTKL request would be "reasonably likely to result in a substantial and demonstrable risk of physical harm to or the personal security of an individual” (as described in Section 708(b)(l)(ii) of the RTKL), Request #7: A copy of all collective bargaining agreements between the school district and all Unions (prefer .pdf files to be emailed electronically), . That order prohibited the Pennsylvania State Education Association (PSEA) from disclosing the home addresses of its members. It was affirmed by the Supreme Court without prejudice to any party’s right to appeal the final disposition of the matter. . Sapp Roofing Co. v. Sheet Metal Workers’ International Association, Local Union No. 12, 552 Pa. 105, 713 A.2d 627 (1998). . Penn. State University v. State Employees’ Retirement Board, 594 Pa. 244, 935 A.2d 530 (2007). . Tribune-Review Publishing Co. v. Bodack, 599 Pa. 256, 961 A.2d 110 (2008). . As Justice Wecht observed: As the United States Supreme Court has observed, it may well be true that home addresses are publicly available through easily accessible sources. See Dep’t of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 109 S.Ct. 1468, 103 L.Ed.2d 774 (1989). However, “[a]n individual’s interest in controlling the dissemination of information regarding personal matters does not dissolve simply because that information may be available to the public in some form.” Dep’t of Defense v. Federal Labor Relations Auth., 510 U.S. 487, 500, 114 S.Ct. 1006, 127 L.Ed.2d 325 (1994). Although individuals voluntarily may reveal their home addresses in a variety of contexts, i.e., obtaining various licenses, going to court, or owning property, this voluntary disclosure is legally distinct-from and irrelevant to the question of whether a public employer must produce its employees’ home addresses upon demand. Nor is it relevant as a matter of constitutional law that home addresses are available in the public domain and accessible through internet searches -or particular websites. That such information may be uncovered by private citizens through industry or skullduggery does not mean that government must employ public resources to assist in that activity. 148 A.3d at 161-62 (Wecht, J., concurring). . 53 Pa. C.S. §§ 8801-8868.